931 F.2d 888
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl WILKINS, Plaintiff-Appellant,
v.
CORRECTIONAL MEDICAL SYSTEM, Ms. Quinn, L.P.N., Cathy
Coleman, R.N., Shirley Anderson, R.N., S. George,
R.N., B. Kim Howard, P.A., Defendants-Appellees.
 No. 90-7155.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1991.
Decided May 3, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CA-90-2183-S)
 Earl Wilkins, appellant pro se.
 Philip Melton Andrews, Aron Uri Raskas, Kramon & Graham, P.A., Baltimore, Md., for appellees.
 D.Md.
 VACATED AND REMANDED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Earl Wilkins, currently a prisoner at the Maryland State Penitentiary, appeals the district court's dismissal of his medical malpractice complaint. Because no federal question was raised by the allegations contained in Wilkins's pleadings, we find that the district court erred by accepting removal, pursuant to 28 U.S.C. Sec. 1441, of this complaint from state court. Accordingly, we vacate the district court's dismissal of Wilkins's complaint, and remand with instructions that the district court remand this suit back to the state court where it was initially filed.
 
 
 2
 * In July 1990, Wilkins filed this medical malpractice suit in the state court in Baltimore City, Maryland. His complaint contained no specific factual allegations--no dates, acts, omissions, or specific injuries--to support his claims that the defendants' failure to treat him had caused him severe pain and suffering. He sought recovery under theories of breach of contract, negligence, gross negligence, deliberate medical indifference, and medical malpractice.
 
 
 3
 Wilkins's complaint was removed by the defendants to federal court, pursuant to 28 U.S.C. Sec. 1441. After various defendants moved for an order requiring Wilkins to particularize his complaint, the district court ordered, on August 31, 1990, and September 10, 1990, that Wilkins particularize his complaint within 30 days.
 
 
 4
 Wilkins responded to the district court's orders by filing a "motion for remand." In this motion, Wilkins offered no further specific factual allegations in support of his complaint; instead, he stated that: (1) because he raised no federal question in his allegations, the district court lacked federal question subject matter jurisdiction, and that, therefore, it should remand his case back to state court; and (2) if he had stated a federal claim in his complaint, he wished to delete it.
 
 
 5
 The district court, viewing Wilkins's "motion for remand" as dilatory and nonresponsive, denied Wilkins's motion on October 9, and dismissed the case with prejudice on October 10, 1990.
 
 II
 
 6
 Although 28 U.S.C. Sec. 1441(b) provides that any action raising a federal question over which a district court would have original jurisdiction is removable to federal court,[1] the removal statute should be strictly construed and all doubts resolved in favor of remanding the case back to state court. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26 (3d Cir.1985). The burden of establishing factual jurisdiction is on the party seeking removal. Pullman Co. v. Jenkins, 305 U.S. 534, 539-40 (1939). Cf. Goldsmith v. Mayor & City Council of Baltimore, 845 F.2d 61 (4th Cir.1988). The pleadings must be examined to determine whether a plaintiff's claims are properly removable. Boggs v. Lewis, 863 F.2d 662 (9th Cir.1988). To support removal, the district court must be able to find facts in the pleadings supporting jurisdiction. Rollwitz v. Burlington Northern R.R., 507 F.Supp. 582 (D.Mont.1981).
 
 
 7
 The complaint filed by Wilkins is devoid of any specific factual allegations and--even viewed liberally--contains at most bare legal conclusions. Only one--Wilkins's broad allegations concerning "deliberate medical indifference"--even arguably supports a constitutional claim. Therefore, because the defendants did not carry their burden and the removal statute is to be strictly construed against removal, this case was improperly removed to federal court.[2]
 
 III
 
 8
 In conclusion, we vacate the district court's dismissal of Wilkins's complaint and remand with instructions that the district court remand the case back to the state court where it was initially filed. We grant Wilkins's motion for leave to proceed in forma pauperis and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 A well-pled, 42 U.S.C. Sec. 1983 complaint confers original jurisdiction on the district court. 28 U.S.C. Sec. 1343(a)(3)
 
 
 [2]
 Removal was improper for a second reason. All defendants must unanimously join in or consent to a removal action within 30 days of receiving service of the complaint. Because the filing requirements contained in 28 U.S.C. Sec. 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service. See Mason v. International Business Machines, Inc., 543 F.Supp. 444 (M.D.N.C.1982); Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825 (S.D.Tex.1981); McKinney v. Rodney C. Hunt Co., 464 F.Supp. 59 (W.D.N.C.1978). Here, because one of the defendants--Kim Howard-never joined in, filed his own, or officially and unambiguously consented to, a removal petition, the case should not have been removed from state court