**Nell B. CREEKMORE, Plaintiff,**

v.

**FOOD LION, INC., Stanley Works, Inc., and Carolina Door Controls, Inc., Defendants.**

**Action No. 2:92cv192.**

United States District Court, E.D. Virginia, Norfolk Division.

July 23, 1992.

---

Kenneth Lee Dietrick, Douglas Wayne McCartney, Dietrick & McCartney, Chesapeake, Va., for plaintiff.

Robert W. McFarland, McGuire, Woods, Battle & Boothe, Norfolk, Va., for defendant Food Lion, Inc.

Thomas Crawford Palmer, Jr., Brault, Palmer, Grove, Zimmerman, White & Mims, Manassas, Va., for defendant Stanley Works, Inc.

Jamie Anderson Stalnaker, Williams, Kelly & Greer, Norfolk, Va., for Carolina Door Controls, Inc.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

Plaintiff Creekmore alleges that on February 8, 1990, upon entering a Food Lion in Portsmouth, Virginia, the automatic electric doors shut and struck her, causing her personal injuries and damages in the amount of $250,000. On January 30, 1992, Creekmore filed this action in the Circuit Court for the City of Portsmouth, Virginia. Food Lion, Inc. ("Food Lion") filed a notice of removal to this court on March 6, 1992,

claiming diversity of citizenship under 28 U.S.C. § 1332, and claiming the consent of counsel for defendants, Stanley Works, Inc. ("Stanley Works") and Carolina Door Controls, Inc. ("Carolina Door"). On March 13, 1992, Creekmore filed a Motion to Remand this action to state court on the grounds that Food Lion filed its notice of removal without joinder or formal consent of Stanley Works and Carolina Door. The court conducted a hearing on May 13, 1992,[1] at the end of which the court granted Creekmore's motion and remanded the case to the Circuit Court of the City of Portsmouth.

This matter comes before the court on Food Lion's motion, filed May 26, 1992, for reconsideration of the court's remand order, pursuant to Rule 60 of the Federal Rules of Civil Procedure. Neither Stanley Works nor Carolina Door has joined Food Lion's motion. Creekmore filed a brief in opposition to Food Lion's motion for reconsideration, contending that 28 U.S.C. § 1447(d) specifically precludes such review of a remand order. Creekmore also requests attorney fees incurred as a result of Food Lion's original removal, pursuant to 28 U.S.C. § 1447(c), and sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, against Food Lion and counsel for Food Lion for submitting the motion for reconsideration.

### I. The Decision to Remand

■ The court first sets forth the grounds on which it based its decision to remand this case to state court. Defendants Food Lion and Stanley Works were served with the complaint on February 11, 1992, but defendant Carolina Door was not served until March 27, 1992. On March 6, 1992, Food Lion filed its notice of removal, less than thirty days after it was served,

but before Carolina Door was served, and asserted the consent of Stanley Works and Carolina Door:

7. The undersigned is counsel of record for Food Lion, Inc. in this action, and is duly authorized to effect removal on behalf of Food Lion, Inc., which consents to the removal. In addition, counsel for Stanley Works, Inc. has authority to consent to this removal on behalf of Stanley Works, Inc., and does so consent. Counsel for Carolina Door Controls, Inc. has authority to consent to this removal on behalf of Carolina Door Controls, Inc., and does so consent.

8. The facts set forth in the notice for removal are true and correct to the best of my knowledge, information and belief.

Counsel for Stanley Works and Carolina Door never endorsed Food Lion's notice of removal, never separately or jointly filed any removal pleadings, and never filed any affidavits of formal consent to the removal. Furthermore, Stanley Works and Carolina Door failed to appear, upon proper notice, even at the May 13, 1992, hearing on Creekmore's motion to remand.[2]

Creekmore moved to remand the case on the basis that Stanley Works and Carolina Door had not consented to the removal. The issue raised by Creekmore's motion to remand was whether Food Lion's assertion alone, through its counsel, in its notice of removal that all defendants consented to removal was sufficient to constitute consent of all defendants within the meaning of 28 U.S.C. § 1446.

■ Removal of civil cases to federal court infringes state sovereignty. Consequently, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

---

1. Creekmore and Food Lion appeared through counsel, but Stanley Works and Carolina Door made no appearance.

2. Although in its notice of removal filed March 6, 1992, Food Lion asserted Carolina Door's consent, Carolina Door was not served until March 27, 1992. By letter to the clerk of this court, dated March 25, 1992, counsel for Carolina Door acknowledged that his client had not

yet been served, but that he expected to receive service shortly. He also stated: "I would note for the record that Carolina Door consents to the removal of the case from the Portsmouth Circuit Court to the United States District Court and will affirm that consent formally upon receipt of service." Carolina Door received the complaint two days later, but never did affirm its consent to removal.

100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26 (3d Cir.1985). Assuming that defendants established the jurisdictional requirements of 28 U.S.C. § 1441,[3] the removal statute requires "[a] defendant or defendants" to file a notice of removal within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(a)–(b). Failure of all defendants to comply with these provisions generally constitutes an adequate ground for remand to state court. *Adams v. Aero Servs. Int'l, Inc.,* 657 F.Supp. 519, 521 (E.D.Va.1987).[4]

■ Although all defendants must join in the removal, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather, section 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process. *E.g., Wilkins v. Correctional Medical Sys.,* No. 90–7155, 1991 WL 68791, at *2 n. 2, 1991, U.S.App.LEXIS 8279, at *4 n. 2 (4th Cir.1991) ("Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or *officially and un-*

*ambiguously* consent to, a removal petition within 30 days of service.") (emphasis added) (unpublished); *Adams,* 657 F.Supp. at 521 (citations omitted); *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 (M.D.N.C.1982).

Food Lion acknowledged that neither Stanley Works nor Carolina Door independently filed a notice of removal or joined in Food Lion's notice. Food Lion argued, however, that its representations of consent on behalf of Stanley Works and Carolina Door satisfied the statute. Food Lion argued that because Rule 11 of the Federal Rules of Civil Procedure governs its representations and subjects it to sanctions for unauthorized or false representations, the other defendants need not have voiced their consent to removal before this court. The court rejected this argument.

Rule 11 does not authorize one party to make representations or file pleadings on behalf of another.[5] Rather, Rule 11 requires that each pleading, motion, or other paper submitted to the court be signed by the party or its attorney of record, if represented. Both Stanley Works and Carolina Door are represented by counsel and clearly are "movants" subject to the requirements of Rule 11. They must file their own signed pleadings. However, the record contains no document, pleading, or

---

**3.** The burden of establishing factual jurisdiction is on the party seeking removal. *Wilkins v. Correctional Medical Sys.,* No. 90–7155, 1991 WL 68791, at *1, 1991 U.S.App.LEXIS 8279, at *3 (4th Cir.1991) (unpublished) (citations omitted) [931 F.2d 888 (table) ]. Creekmore did not challenge Food Lion's allegations of diversity of citizenship and an amount in controversy greater than $50,000. Rather, it based its motion to remand on the absence of unanimous consent to removal among the defendants.

**4.** The requirement that all defendants join has three exceptions. A defendant need not join if: (1) it had not been served with process at the time the removal petition was filed; (2) it is merely a nominal or formal party defendant; or (3) the removed claim is independent of one or more nonremovable claims against the nonjoining defendants. *Id.* at 521 n. 2 (citing *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 n. 1 (M.D.N.C.1982)). Only exception 1 is applicable in this case. *See infra* note 6.

**5.** The rule provides:

Every pleading, motion, and other paper of a party represented by an attorney of record shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

Fed.R.Civ.P. 11.

motion reflecting their consent to removal and their signatures.

Notwithstanding Food Lion's representations that the other defendants consented to removal, the court concluded that such representations do not satisfy the requirements of section 1446.[6] The statute requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney.[7] Stanley Works and Carolina Door had ample opportunity to assert to this court their consent to removal. They did not.[8] Although Stanley Works and Carolina Door never objected to removal, proper removal does not depend on the absence of such objection. Rather, all defendants must *affirmatively and unambiguously* assert their desire to remove the case to federal court. *See Wilkins*, No. 90–7155, 1991 WL 68791, at *2 n. 2, 1991

U.S.App.LEXIS 8279, at *4 n. 2. To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation.[9] The failure of Stanley Works and Carolina Door to voice consent affirmatively and unambiguously thus prevented this court from determining whether all defendants actually consented to removal.[10] The court, therefore, concluded that their alleged consent, made in Food Lion's notice of removal, was too ambiguous to meet the statutory requirements of 28 U.S.C. § 1446.

## II. Remain Order Not Reviewable

■ Relying on Rule 60(b) of the Federal Rules of Civil Procedure, Food Lion has moved for reconsideration and relief from

---

**6.** Technically, the statute required that Food Lion obtain only the consent of Stanley Works because Carolina Door was not served with the complaint until March 27, 1992, after Food Lion filed its notice of removal. *See supra* note 4 for exceptions to the requirement of unanimous consent. Thus, Carolina Door had 30 days from the time it was served to join in or consent to Food Lion's removal. *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992) ("under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition"). Conversely, Carolina Door had 30 days from the time it was served to move to remand the case. 28 U.S.C. § 1448. After receiving the complaint, however, Carolina Door never took any position with respect to Food Lion's removal.

**7.** At least one other district court in this circuit has come to the same conclusion. In *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444 (M.D.N.C.1982), the district court remanded a case because one defendant, RTKL, had failed to join the petitioning defendant, IBM, or otherwise advise the court of its consent within the 30–day period. RTKL had expressed its desire to join the removal petition in its answer, but it filed its answer after expiration of the 30–day period. RTKL argued that it had also made a statement of consent to IBM's counsel within the 30–day period, and that this statement, though never brought to the attention of the court, satisfied the requirements of the removal statute. The district court disagreed and stated: "The fact that RTKL informed IBM within the thirty (30) day period of its desire to remove the action is not sufficient.

Section 1446(a) requires defendants 'to file' a petition for removal. This provision clearly requires an official filing or voicing of consent." *Id.* at 446 (citations and footnote omitted).

The court in *Mason* did imply that an amendment to the notice of removal might be permitted to clarify imperfectly stated allegations in the petition. However, the court denied IBM's motion to amend the petition because IBM had never even alleged that RTKL consented to removal, and RTKL expressed its consent after the expiration of the 30–day period. In this case, Food Lion had advised the court that it received consent from Stanley Works and Carolina Door, but unlike *Mason*, neither of these defendants had ever expressed their consent to removal after service of the complaint, although both submitted answers.

**8.** As stated earlier, *supra* at 507, neither defendant has filed any removal pleading nor joined in any remand pleading nor even appeared at the hearing on the motion to remand. Nor did they join Food Lion's current motion for reconsideration.

**9.** One of the primary reasons that parties may have separate counsel is to present independently their position to the court.

**10.** As far as this court knows, it is just as likely as not that the sustained silence of Stanley Works and Carolina Door throughout Food Lion's attempt to remove this case reflects their lack of consent. Both defendants are represented by competent counsel, who are charged with knowledge of the statutory prerequisites of removal.

the court's order to remand this action.[11] Creekmore, however, contends that remand orders are unreviewable. First, the statute specifically precludes review: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (1973). The Fourth Circuit clearly has interpreted the statute to preclude review:

> The prohibition against further consideration of the remand order is found in the plain language of 28 U.S.C. § 1447(d) which commands that an order "remanding a case to the State court from which it was removed is not reviewable on appeal *or otherwise * * *"* (Emphasis added) This proscription against review was recognized by the Court in *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723 [97 S.Ct. 1439, 52 L.Ed.2d 1] (1977), and by our court in *Sullivan v. Simons,* 337 F.2d 239 (4th Cir.1964). Unquestionably, the statute not only forecloses appellate review, *but also bars reconsideration of such an order by the district court.* ... "Both are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise.' "

*Three J Farms, Inc. v. Alton Box Bd. Co.,* 609 F.2d 112, 115 (4th Cir.1979) (emphasis added) (citations omitted), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); *cf. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 279 n. 3 (9th Cir.1984) (on appeal from district court's remand order, court refused to consider defendant's motions to dismiss and to transfer because remand order ends federal court's jurisdiction).

The Supreme Court has recognized an exception to this rule allowing review when an otherwise properly removed case is remanded on grounds not authorized under section 1447(c). *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976) (reviewing district court's remand order that was based not on improvident removal and lack of jurisdiction, but on crowded docket); *see Washington Suburban Sanitary Comm'n v. CRS/Sirrine, Inc.,* 917 F.2d 834, 835 (4th Cir.1990) (section 1447(d) does not preclude review of remand orders that are entered on grounds not provided by the statute); *Baker, Watts & Co. v. Miles & Stockbridge,* 876 F.2d 1101, 1106 n. 4 (4th Cir.1989) ("Review is precluded only if the district court based its remand decision on the grounds specified in 28 U.S.C. § 1447(c)."). Such is not the case here.

In this case, the court ordered remand to the state court based on the absence of defendants' unanimous consent to removal, as required by the statute. *See* 28 U.S.C. §§ 1446(a)–(b), 1447(c). Food Lion argues that the court's decision to remand on this basis, as distinguished from a lack of subject matter jurisdiction, is reviewable because section 1447(c) does not authorize remand for a procedural defect. The court rejects this argument, which is contrary to the clear language of section 1447(c).

Food Lion cannot seriously contend that remand for lack of unanimous consent is not authorized by the statute. Section 1447(c) expressly contemplates remand based on a defect in the removal procedure:

> A motion to remand the case on the basis of *any defect in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (Supp.1992) (emphasis added).[12] The statute on its face provides for remand for procedural defects on mo-

---

**11.** The Rule provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

**12.** Even the cases cited by Food Lion recognized, in dicta, that timely remands based upon procedural defects are within the scope of § 1447(c) and thus may be unreviewable. *See McDermott Int'l, Inc. v. Lloyds Underwriters,* 944 F.2d 1199, 1201 (5th Cir.1991) ("section 1447(d) may also preclude our review of a district court's granting of a *timely* motion to remand due to defects in removal procedure"); *In re Shell Oil Co.,* 932 F.2d 1518, 1520 n. 5 (5th Cir.1991) (court does not reach question of whether timely motions for improvident removal are unreviewable).

tions made within the thirty-day period after the removal notice is filed, and remand for jurisdictional defects at any time before final judgment. Creekmore complied with the statute by moving for remand within the thirty-day period, and the court remanded based upon a defect in the removal procedure. The court concludes, therefore, that its order, filed May 14, 1992, remanding the case to state court pursuant to the removal statute is nonappealable and unreviewable. Consequently, reconsideration by this court under Rule 60(b) is BARRED. *Three J Farms, Inc. v. Alton Box Bd. Co.,* 609 F.2d 112, 115 (4th Cir.1979), *cert. denied,* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).

### III. Creekmore's Request for Attorney Fees

 Creekmore has requested attorney fees incurred as a result of the original removal by Food Lion. Section 1447 provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (Supp.1992). An award of attorney fees [13] is appropriate if the "removal petition was so patently without merit that the 'inescapable conclusion' is that it was filed in bad faith." *ITT Indus. Credit Co. v. Durango Crushers, Inc.,* 832 F.2d 307, 308 (4th Cir.1987) (upholding award of attorney fees under section 1447(c) before the 1988 amendments expressly authorized award of such expenses) (quoting *Peltier v. Peltier,* 548 F.2d 1083, 1084 (1st Cir.1977)).[14]

This court cannot conclude that Food Lion filed its notice of removal in bad faith, although its position was not persuasive and somewhat unreasonable. Accordingly, Creekmore's request for attorney fees is DENIED.

### IV. Creekmore's Request for Rule 11 Sanctions

 Creekmore has requested sanctions against Food Lion and its counsel for filing

the motion for reconsideration of the remand order. Creekmore argues that the motion was not warranted by existing law or interposed for a proper purpose other than to harass and cause needless increase in the cost of litigation. *See* Fed.R.Civ.P. 11. Although a close question in this case, the court gives Food Lion's counsel the benefit of having asserted a good faith argument, however tenuous, for the extension, modification, or reversal of existing law, *see supra* note 12 and accompanying text, and does not impose Rule 11 sanctions. Accordingly, Creekmore's request for sanctions is DENIED.

It is so ORDERED.

---

**13.** Creekmore's motion requests only "attorney fees" and does not mention other "costs and expenses."

**14.** Section 1447(c) was amended in 1988 specifically to permit recovery of attorney fees.