MARTIN OIL COMPANY, a West Virginia corporation, Plaintiff,

v.

PHILADELPHIA LIFE INSURANCE COMPANY, a corporation, and Professional Benefits Consultants, Inc., a corporation, Defendants.

Civ. A. No. 92–109–E.

United States District Court,
N.D. West Virginia,
Elkins Division.

Aug. 16, 1993.

Charles G. Johnson, Clarksburg, WV, for plaintiff.

C. David Morrison, Clarksburg, WV, Thomas S. Sweeney, Charleston, WV, for defendants.

## ORDER

MAXWELL, Chief Judge.

Originally instituted in the Circuit Court of Upshur County, West Virginia, the above-styled civil action was removed by defendant Philadelphia Life Insurance Company ("PLI") on the basis of federal question jurisdiction and, alternatively, diversity jurisdiction. Defendant PLI filed a Notice of Removal on August 31, 1992, which represented that defendant Professional Benefits Consultants, Inc. ("PBC") "concurs with and joins in the decision of defendant PLI to remove this civil action from state court to federal court." The defendants are represented by separate counsel, and the Notice of Removal was signed only by counsel for PLI. Counsel for defendant PBC did not sign the Notice of Removal nor did he file a separate notice of removal or file a written joinder or consent.

On September 21, 1992, plaintiff filed a Motion to Remand, alleging that defendant PBC did not properly join in the removal of the action and that, therefore, the action was improvidently removed. On October 19, 1992, defendant PBC filed a Motion to Dismiss.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the motions were referred to United States Magistrate Judge David L. Core, with directions to submit to the Court proposed findings of fact and a recommendation for disposition. On May 13, 1993, Magistrate Judge Core filed his Proposed Findings of Fact and Recommendation for Disposition wherein he recommended that this action be remanded to the Circuit Court of Upshur County. The parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Proposed Findings of Fact and Recommendation for Disposition.

On May 28, 1993, defendants PLI and PBC jointly filed objections to the Magistrate Judge's Report. Upon examination of these objections, it appears to the Court that the defendants have not raised any issues that were not thoroughly considered by Magistrate Judge Core in his Proposed Findings of Fact and Recommendation for Disposition. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the Proposed Findings of Fact and Recommendation for Disposition accurately reflects the law applicable to the facts and circumstances before the Court in this action.

Under 28 U.S.C. § 1446(a), defendants desiring to remove any civil action from a state court to a federal district court shall file a notice of removal in the district court signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1] The notice of removal must be filed within thirty (30) days after the removing defendant receives the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b).

While the removal statute does not explicitly so state, it is well established that all defendants in a multi-defendant case must join in the petition for removal. *See, Chicago, R.I. & P.R. Co. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing, Local 349,* 427 F.2d 325, 326–327 (5th Cir.1970). The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint. *See, Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 (M.D.N.C.1982).[2]

The issue presented in the instant case is whether the rule of unanimity is satisfied when a notice of removal presented by only one defendant represents, without more, that counsel for another defendant consents to the removal. The Court finds that it is not sufficient and also finds that the defect can-

---

1. Section 1446(a) also requires that the notice of removal be accompanied by a copy of all process, pleadings, and orders served upon the defendant(s) in such action. As noted by the Magistrate Judge, none of the records and proceedings in the state court were provided to the Court. Apparently, the Magistrate Judge's Report prompted PLI to submit them, and on May 20, 1993, the Clerk of Court received copies of the notice, summons, and complaint. The cover letter from counsel for PLI does not reflect that it was served on other counsel of record or that other counsel were notified that these documents were being submitted. Nevertheless, it was not until the Court began its review of the defendants' joint objections that the complaint could be inspected.

2. Recently, in dicta, the Fourth Circuit Court of Appeals favorably cited *Mason. See, Wilkins v. Correctional Medical Sys.,* No. 90–7155, 1991 WL 68791 at 2* n. 2 (4th Cir. May 3, 1991) (defendant who has not joined in removal petition must provide official and unambiguous consent within 30 days of service). The Court recognizes that unpublished opinions are not binding precedent in the Fourth Circuit and that citation of unpublished dispositions is generally disfavored; however, the Court notes that all parties have previously been served with a copy of this opinion, that there is no published opinion from the Fourth Circuit Court of Appeals directly relative to this issue, and that footnote 2 in *Wilkins* has value in relation to a material issue under consideration in the instant case. See, Fourth Circuit I.O.P. 36.6.

not be cured after the thirty day removal period has passed.

It has been recognized that 28 U.S.C. § 1446 "requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney." *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 509 (E.D.Va.1992) (footnote omitted).[3] The policy considerations are evident and are well stated by the *Creekmore* court:

> To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident· of litigation.

*Creekmore*, 797 F.Supp. at 509 (footnote omitted).

Other district courts have also required all defendants to directly voice consent to removal.[4] In *Moody v. Commercial Ins. Co. of Newark, N.J.*, 753 F.Supp. 198 (N.D.Tex. 1990), the district court found that some timely-filed written indication of consent must be received from each defendant and also noted that Rule 11 of the Federal Rules of Civil Procedure does not redress concerns which arise when one counsel represents the position of another party, inasmuch as Rule 11 may subject the signer of the removal notice to sanctions for failing to adequately investigate the factual allegations therein, but it does not bind the allegedly consenting co-defendant to the removal action. *Moody*, 753 F.Supp. at 200, n. 6.

*Moody* relies, in part, on a footnote found in *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254 (5th Cir.1988), which provides that:

> But while it may be true that consent to removal is all that is required under § 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant ... that it has actually consented to such action.

*Getty Oil Corp.*, 841 F.2d at 1262, n. 11. The defendants herein accurately point out that the Fourth Circuit Court of Appeals has rejected the main premise of the removal issue presented in *Getty Oil Corp.*, which is, all served defendants must join in or consent to the removal petition no later than thirty (30) days after the first defendant is served. In *McKinney v. Board of Trustees of Maryland Community College*, 955 F.2d 924 (4th Cir.1992), it was held, contrary to *Getty*, that individual defendants have 30 days from the time each is served to join a valid removal petition. However, the Fourth Circuit did not address footnote 11 of *Getty*.

Moreover, a close reading of the *McKinney* case reveals that the concerns addressed therein did not include the problem which is now under consideration, whether counsel for one defendant can voice the consent for removal of a party he or she does not represent. It would be inappropriate to reject the well-reasoned expressions of the various district courts which have addressed this issue merely because those district courts have cited to language in the *Getty* opinion which was not the subject of disagreement for the Fourth Circuit in *McKinney*.

*McKinney* is, however, instructive in the instant matter, in that the Court of Appeals stressed that the removal procedure is intended to be fair to both plaintiffs and defendants alike. *McKinney*, 955 F.2d at 927. There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while ensuring the unanimity of removal, does not prevent any defendant from taking

---

**3.** Although the defendants strongly urge that *Creekmore* is distinguishable, the issue it presents is identical to the matter now under consideration. The factual distinction—the defendants in *Creekmore* never made an appearance after counsel for the removing party represented that consent for removal had been obtained—does not alter the underlying decision, that is, counsel may not voice consent through another attorney, but must do so directly to the Court, within thirty (30) days of receiving a copy of the Complaint.

**4.** *Samuel v. Langham*, 780 F.Supp. 424 (N.D.Tex. 1992); *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460 (E.D.Mich.1990).

full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove. It was this injustice which caused so much concern to the *McKinney* court.

 Accordingly, the Court finds that it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf. Rather, the non-signing defendant must voice such consent directly to the Court by filing a separate pleading which expresses consent to join.

■ The defendants also argue, alternatively, that they have cured any defect in the removal by filing affidavits which show that counsel for PBC consented to the removal prior to the filing of the Notice of Removal and prior to the expiration of the thirty (30) day period for removal. On June 23, 1993, the defendants filed a Joint Motion to Amend Notice of Removal in which they seek leave "to cure any imperfection or ambiguity which the Court may find in the said Notice of Removal."

Upon consideration of the arguments of counsel, the Court finds that the affidavits and the proposal to amend the notice of removal were not timely filed and cannot cure the original notice of removal which was procedurally defective. Although a defendant is free to amend a notice of removal within the 30–day period set forth in 28 U.S.C. § 1446(b), once the 30–day period has expired, amendment is not available to cure a substantial defect in removal proceedings. *Moody v. Commercial Ins. Co.,* 753 F.Supp. at 198.[5] Therefore, it is

ORDERED that Magistrate Judge Core's Proposed Findings of Fact and Recommendation for Disposition be, and hereby is, accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. It is

ORDERED that the plaintiff's Motion to Remand be, and the same is hereby, GRANTED.[6] This action is REMANDED to the Circuit Court of Upshur County, West Virginia, for further proceedings. In keeping with 28 U.S.C. § 1447(c), the Clerk of Court shall send a certified copy of this Order to the Circuit Clerk of Upshur County, West Virginia.

---

5. Although a plaintiff could waive a procedural defect in removal by not filing a motion to remand within 30 days of removal pursuant to 28 U.S.C. § 1447(c), the plaintiff has not waived the right to a remand in this case.

6. The Court finds it unnecessary to address defendants' argument concerning the State Court's subject matter jurisdiction over this cause of action inasmuch as that does not appear to be a proper issue for consideration when contemplating a remand based upon a procedural defect in removal. Moreover, the arguments ignore the provision in ERISA, 29 U.S.C. § 1132(e)(1), which bestows concurrent jurisdiction upon the state courts.