**Melissa LLOYD, Plaintiff,**

v.

**CABELL HUNTINGTON HOSPITAL, INC., et al., Defendants.**

**No. Civ.A. 3–99–0433.**

United States District Court,
S.D. West Virginia,
Huntington Division.

July 29, 1999.

Marvin W. Masters and Anthony J. Majestro, Masters & Taylor, Charleston, WV, for plaintiff.

Daniel T. Yon, Rebecca Craycraft, Brown & Thomas L. Craig, Bailes, Craig & Yon, Huntington, WV, for Cabell Huntington, defendant.

Roger D. Hunter, Neely & Hunter, Charleston, WV, for AcroMed, defendant.

### MEMORANDUM OPINION AND REMAND ORDER

HADEN, Chief Judge.

Pending are (1) Plaintiff's motion to remand this civil action to the Circuit Court of Cabell County, West Virginia and (2) Defendant AcroMed Corporation's motion to stay proceedings pending transfer to the United States District Court for the Eastern District of Pennsylvania. Because the Court finds removal was improper and it therefore lacks subject matter jurisdiction, Plaintiff's motion for remand is **GRANTED** and Defendant's motion is **DENIED** as moot.

### I. FACTUAL BACKGROUND

On December 14, 1996 Plaintiff had surgery at Cabell Huntington Hospital where pedicle screws and rods, manufactured by

AcroMed, were placed in her back, vertebrae and spine. She filed this civil action on April 19, 1999 in Cabell County Circuit Court, alleging the screws and rods were defective and seeking damages under various theories of liability. Cabell Huntington was served on April 26, 1999 and filed an Answer in state court on May 21, 1999. AcroMed was served with the complaint in the state court action on April 29, 1999 and timely removed the action to this Court on May 26, 1999 based on federal question jurisdiction. AcroMed failed, however, to obtain consent to removal from its codefendant, Cabell Huntington Hospital. Plaintiff now moves to remand the action because removal without consent of all defendants is improper, while Defendant AcroMed moves for a stay of the proceedings pending transfer to multi-district litigation in the Eastern District of Pennsylvania.

## II. DISCUSSION

Although the grounds on which the Court grants Plaintiff's motion are straightforward, the issues are set against a more complicated background.

### A. AcroMed multidistrict litigation

AcroMed manufactures orthopedic bone screws used in spinal surgery. After a purported exposé of AcroMed products aired on television, numerous lawsuits ensued. The lawsuits were coordinated by the Judicial Panel on Multidistrict Litigation and transferred to the United States District Court for the Eastern District of Pennsylvania. In October 1997 that court entered an order approving a limited fund class action settlement. *In re Orthopedic Bone Screw Products Liability Litigation*; *Fanning v. AcroMed Corp.*, 176 F.R.D. 158, 187 (E.D.Pa.1997) (incorporating the court's Final Order and Judgment). The settlement class included:

> [a]ll persons and entities wherever located, who have or may in the future have any claim (whether filed or unfiled, ex-

isting or contingent, and specifically including claims for alleged injuries and damages not yet known or manifest) ... in any state or federal courts of the United States ... against any or all of AcroMed and the Released Parties[1] arising out of, based upon, related to, or involving Orthopedic Bone Screws that were implanted in the United States ... on or before December 31, 1996[.]

Plaintiff Melissa Lloyd is a presumptive member of this class. Because of the limited fund nature of the settlement, plaintiffs are not permitted to opt out. *Id.* at 180–181. The *AcroMed* Order dismisses all claims against AcroMed by members of the settlement class. *Id.* at 187. The Order also enjoins any pending or future state court litigation by plaintiffs covered by the settlement. *Id.* at 177–78, 188. The *AcroMed* court retains jurisdiction to enforce the settlement. For these reasons, AcroMed moves this Court to stay proceedings pending transfer to the Eastern District of Pennsylvania as a potential "tag-along" action to the multi-district litigation.

### B. Removal and remand standard

 This Court cannot, however, stay proceedings in an action over which it lacks jurisdiction. Removal statutes must be construed strictly against removal. *Adkins v. Gibson*, 906 F.Supp. 345, 346 (S.D.W.Va.1995) (Haden, C.J.) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994)); *accord Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 124 (S.D.W.Va.1994) (Haden, C.J.). The burden of establishing the propriety of removal falls upon the removing party. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

---

**1.** "Released parties" includes health care providers, as set out in the Settlement Agreement. *AcroMed*, 176 F.R.D. at 181. The Court cannot determine from the documents available to it whether this might include Cabell Huntington Hospital.

remanded."). Accordingly, the Court must determine first whether removal is proper.

■■■ The general removal statute, 28 U.S.C. § 1441, provides for removal of any civil action brought in a state court by "the defendant or the defendants." In general, all defendants must join in the notice of removal. *Bazilla v. Belva Coal Co.,* 939 F.Supp. 476, 477 (S.D.W.Va.1996) (Haden, C.J.) (citations omitted); *Chaghervand v. CareFirst,* 909 F.Supp. 304 (D.Md.1995) (citing *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Doe v. Kerwood,* 969 F.2d 165 (5th Cir.1992); *Jackson v. Roseman,* 878 F.Supp. 820, 826–27 (D.Md.1995)); *see also* 16 James William Moore, *et al., Moore's Federal Practice* § 107.11[1][c] (3d ed.1999). Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal. *Moore's Federal Practice,* § 107.11[1][c]. This so-called "rule of unanimity" does not require all defendants to sign a single joint notice of removal, but it does require each "to register to the Court its official and unambiguous consent to a removal petition filed by a co-defendant within the thirty day window afforded by 28 U.S.C. § 1446(b)[2]." *Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co.,* 963 F.Supp. 553 (N.D.W.Va.1997) (footnote added) (citing *Martin Oil Co. v. Philadelphia Life Ins.,* 827 F.Supp. 1236, 1237 (N.D.W.Va.1993)); *see also Mason v. International Business Machines, Inc.* 543 F.Supp. 444, 446 (M.D.N.C.1982) (stating each defendant must officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of receiving complaint).

**2.** "The notice of removal of a civil action or proceeding *shall be filed within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b) (emphasis added).

**3.** The United States Supreme Court recently dealt with a related issue in *Murphy Brothers,*

In *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924 (4th Cir.1992), our Court of Appeals noted the mandatory nature of the thirty-day removal rule:[3] "Under 28 U.S.C. § 1446(b), a defendant must petition for removal within thirty days of receiving service of process. If the defendant does not act within thirty days, the case may not be removed." *Id.* at 925. In *McKinney,* the court simply assumes, without stating, the rule of unanimity. *See, e.g., id.* ("Because [one defendant] did not, and all served defendants must join in a petition for removal, plaintiffs argue [remand was proper].").

■■■ Although our Court of Appeals has not addressed this precise issue in a published opinion, it noted in dicta in an unpublished opinion:

All defendants must unanimously join in or consent to a removal action within 30 days of receiving service of the complaint. Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service.

*Wilkins v. Correctional Medical Sys.,* 931 F.2d 888, 1991 WL 68791 at *2 n. 2 (4th Cir. May 3, 1991). Defendant Cabell Huntington Hospital neither joined removal nor consented to removal to this Court within thirty days of being served.

■■■ The law of this district is that the failure of all defendants to join in the removal notice constitutes a procedural defect, which may be waived if not objected

*Inc. v. Michetti Pipe Stringing, Inc.,* —— U.S. ——, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999): when does the thirty-day removal period begin to run after the defendant receives, "by service or otherwise," a copy of the initial pleading? *See,* 28 U.S.C. § 1446(b). The issue of alternative forms of service of process does not arise here, however, and *Murphy Brothers* does not address the instant problem of unanimous consent to removal.

to within 30 days after filing of the removal notice. *See, e.g., Rashid v. Schenck Const. Co., Inc.,* 843 F.Supp. 1081 (S.D.W.Va.1993) (citations omitted). That case may or may not be consistent with the authority within the Circuit. Nevertheless, *Rashid* is distinguishable. In this case, Plaintiff objected immediately to lack of unanimity in Defendant AcroMed's removal notice. Pl.'s Mot. to Remand. Also, the time to cure Defendant Cabell Huntington's failure to consent within the mandatory thirty-day time period has passed.

In response to the proposition that the so-called "rule of unanimity" requires consent of all defendants, AcroMed argues that a defendant is not required to obtain the consent of co-defendants before removing on federal question grounds. Def.'s Response at 7. AcroMed makes this unsupportable claim on the basis that a "significant number of courts have asserted that when a separate and independent claim that is removable under [28 U.S.C. § 1441(c) ] is joined with other non-removable claims, only the defendants to the separate and independent claim need seek removal." *Id.* (citing 14C Charles A. Wright, Arthur R. Miller, Edward H. Cooper, *Federal Practice and Procedure 3d,* § 3731 (3d. ed.1998)). To qualify as "separate and independent," however, the asserted claims must have "arisen from different sets of acts and different wrongs inflicted on the plaintiff." *Moore's Federal Practice,* § 107.14[6][f]. The Supreme Court clarified the scope of the phrase "separate and independent" by distinguishing claims which the phrase clearly would

not cover. According to the Court, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). In this case, Plaintiff allegedly was harmed by the single spinal operation, involving surgical devices produced by AcroMed and provided or transferred by Cabell Huntington Hospital, although the single harm allegedly occurred through a series of transactions involving both defendants. Thus, the claims against AcroMed and Cabell Huntington are not separate and independent, and both defendants must join in or consent to removal within the mandatory thirty (30) day period provided by statute.

## III. CONCLUSION

Because removal in this case is procedurally flawed, the Court **GRANTS** Plaintiff's motion to remand.[4] Defendant's motion to stay proceedings is therefore **DENIED** as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and a certified copy to the Clerk of the Circuit Court of Cabell County, West Virginia.

4. Finding Defendant's removal procedure insufficient, the Court does not reach the question of federal question jurisdiction of this Court over Plaintiff's claims against AcroMed, which Defendant argues arises under the All Writs Act, 28 U.S.C. § 1651. The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdiction[.]" *Id.* Defendant claims Plaintiff's actions would seriously interfere with the settlement provisions of the *AcroMed* court's Final Order and, thus, this Court is empowered to permit removal of state court complaints

that threaten to undermine previous orders of a federal court. Def.'s Response at 6 (citing *United States v. New York Tel. Co.,* 434 U.S. 159, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977); *Sable v. General Motors Corp.,* 90 F.3d 171 (6th Cir.1996); *In re Agent Orange Prod. Liab. Litig.,* 996 F.2d 1425 (2d Cir.1993)).

The question is an interesting one; however, the Court cannot resolve it because, Defendants having failed to follow the mandatory removal procedure, this civil action is not properly before the Court and must be remanded.