Alfred P. DORSEY and Rose Dorsey, Plaintiffs,

v.

BORG–WARNER AUTOMOTIVE, INC., et al., Defendants.

Harold Ray Boggs and Connie Boggs, Plaintiffs,

v.

Borg–Warner Automotive, Inc., et al., Defendants.

Hubert C. Sharp and Jo Ann Sharp, Plaintiffs,

v.

Borg–Warner Automotive, Inc., et al., Defendants.

Nos. CIV.A. 2:02–0850, CIV.A. 2:02–0851, CIV.A. 2:02–0852.

United States District Court, S.D. West Virginia, Charleston Division.

Sept. 3, 2002.

---

**818**

John E. Sutter, Robert H. Miller, II, The Sutter Law Firm, PLLC, Charleston, WV, for plaintiffs.

Richard L. Lancianese, Baker, Lancianese & Conaty, Huntington, WV, J. Tyler Dinsmore, Joseph M. Sellaro, Flaherty, Sensabaugh & Bonasso, John R. McGhee, Jr., Jill D. Sinatra, Kay, Casto & Chaney, Charleston, WV, L. John Argento, Stephen R. Mlinac, Anne L. Wilcox, Dickie, McCamey & Chilcote, Pittsburgh, PA, Eric K. Falk, Davies, McFarland & Carroll, Joni Mangino, Zimmer, Kunz, Pittsburgh, PA, for defendants.

### *MEMORANDUM OPINION AND REMAND ORDER*

HADEN, Chief Judge.

Pending are the motions of Plaintiffs in these three related civil actions to remand. Plaintiffs' motions are **GRANTED**.

### I. BACKGROUND

These three actions were filed in Kanawha County Circuit Court on April 26, 2002. All Defendants were served May 17, 2002. On June 14, Defendants Ford, General Motors, and DaimlerChrysler ("Automakers") removed these actions. Although two Defendants, Gordon Gasket & Packing Co. ("Gordon Gasket") and Nitro Industrial Coverings, Inc. ("Nitro Industrial"), are West Virginia residents, the Automakers maintained in the notice of removal that those West Virginia residents were fraudulently joined. Also on June 14, a notice of consent to removal purportedly was filed by the remaining Defendants, Borg–Warner Automotive, Inc. ("Borg–Warner") and Honeywell International, Inc. ("Honeywell"), along with Gordon Gasket and Nitro Industrial. This notice was signed by counsel for Ford and DaimlerChrysler.

Plaintiffs move to remand. They deny the West Virginia companies were fraudulently joined and argue that, in any case, the West Virginia defendants and two others did not join in or consent to removal.

### II. DISCUSSION

■ Removal statutes must be construed strictly against removal. *Adkins v. Gibson*, 906 F.Supp. 345, 346 (S.D.W.Va. 1995) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994)); *accord Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 124 (S.D.W.Va.1994). The burden of establishing the propriety of removal falls upon the removing party. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*

■■ The general removal statute, 28 U.S.C. § 1441, provides for removal of any civil action brought in a state court by "the defendant or the defendants." In general, all defendants must join in the notice of removal. *Bazilla v. Belva Coal Co.*, 939 F.Supp. 476, 477 (S.D.W.Va.1996) (citations omitted); *Chaghervand v. CareFirst*, 909 F.Supp. 304 (D.Md.1995) (citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992); *Jackson v. Roseman*, 878 F.Supp.

820, 826–27 (D.Md.1995)); *see also* 16 James William Moore, *et al., Moore's Federal Practice* § 107.11[1][c] (3d ed.1999). Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal. *Moore's Federal Practice,* § 107.11[1][c]. This so-called "rule of unanimity" does not require all defendants to sign a single joint notice of removal, but it does require *each* "to register to the Court its official and unambiguous consent to a removal petition filed by a co-defendant within the thirty day window afforded by 28 U.S.C. § 1446(b)[1]." *Stonewall Jackson Mem'l Hosp. v. Am. United Life Ins. Co.,* 963 F.Supp. 553 (N.D.W.Va.1997) (footnote added) (citing *Martin Oil Co. v. Philadelphia Life Ins.,* 827 F.Supp. 1236, 1237 (N.D.W.Va.1993)); *see also Mason v. Int'l Bus. Machines, Inc.* 543 F.Supp. 444, 446 (M.D.N.C.1982) (stating each defendant must officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of receiving complaint); *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505 (E.D.Va.1992).

In *McKinney v. Board of Trustees of Mayland Community College,* 955 F.2d 924 (4th Cir.1992), our Court of Appeals noted the mandatory nature of the thirty-day removal rule: "Under 28 U.S.C. § 1446(b), a defendant must petition for removal within thirty days of receiving service of process. If the defendant does not act within thirty days, the case may not be removed." *Id.* at 925. In *McKinney,* the court simply assumes, without stating, the rule of unanimity. *See, e.g., id.* ("Because [one defendant] did not, and all served defendants must join in a petition for removal, plaintiffs argue [remand was proper].").

Although our Court of Appeals has not addressed the precise issue of the rule of unanimity in a published opinion, it noted in dicta in an unpublished opinion:

> All defendants must unanimously join in or consent to a removal action within 30 days of receiving service of the complaint. Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service.

*Wilkins v. Correctional Medical Sys.,* 931 F.2d 888, 1991 WL 68791 at *2 n. 2 (4th Cir. May 3, 1991).

The question then arises whether the consent to removal signed by counsel for a removing defendant, who are not counsel for the ostensibly consenting tagalong defendants, constitutes an official and unambiguous consent to another's removal petition. In *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505 (E.D.Va.1992), confronted by the same situation, the court held that *Rule* 11 does not authorize one party to make representations or file pleadings on behalf of another. *Id.* at 508. The rule provides, "Every pleading, motion, and other paper of a party represented by an attorney of record shall be signed by at least one attorney of record in the attorney's individual name[.]" Borg–Warner, Honeywell, Gordon Gasket and Nitro Industrial are all represented by counsel. As *Creekmore* explained, "the Statute requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney." *Id.* at 509 (citing *Ma-*

---

1. "The notice of removal of a civil action or proceeding *shall be filed within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b) (emphasis added).

*son v. Int'l Bus. Machs., Inc.*, 543 F.Supp. 444 (M.D.N.C.1982)).

The Automakers acknowledge they, and not counsel for the remaining Defendants, signed the consent to removal notice. They claim they contacted those Defendants "to inquire as to whether they could provide consent to remove the current action." (Defs.' [Automakers] Resp. to Pls.' Mot. to Remand at 2.) Left unexplained is why the four, if they consented, did not file consent notices seasonably afterwards. As the *Creekmore* court observed, "To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation." *Id.* Further evidencing the ambiguity inherent in a notice not signed by representative counsel, after ostensibly consenting to removal, Borg–Warner[2] later filed its Answer in state court.

The Court **FINDS** and **CONCLUDES** all Defendants did not officially and unambiguously consent to the Automakers' removal notice within the mandatory thirty-day statutory time period. Accordingly, this action must be remanded to state court.

The Clerk is directed to send a copy of this Order to counsel of record and a certified copy to the Circuit Clerk of Kanawha County and to publish it on the Court's website at http://www.wvsd.uscourts.gov.

---

**2.** *See* Answer on behalf of Burns International Services Corporation, f/k/a Borg–Warner Automotive, Inc., filed in the Circuit Court of Kanawha County, attached to Plaintiffs' Joint Reply in Support of their Motions for Remand.