Emmett CUNNINGHAM, Plaintiff,

v.

BOMBAY PRODUCTIONS, INC., a foreign corporation, Ranji Bedi, Lori Williams aka Lori Bedi, 220 Laboratories, Inc., a foreign corporation, and 99 Cents Only Stores, a foreign corporation, Defendants,

v.

Aerosol Services Company, Inc., a foreign corporation, Third–Party Defendant.

No. CIV.A.2:03–0677.

United States District Court,
S.D. West Virginia,
At Charleston.

March 23, 2004.

David L. White, Christopher L. Brinkley, Masters & Taylor, Charleston, WV, for Plaintiff.

Ranji Bedi, Pacific Palisades, CA, pro se.

Meridith A. Osborne, Michael O. Callaghan, The Tinney Law Firm, Charleston, WV, for Defendant/Third–Party Plaintiff.

Stephen P. Goodwin, Carte P. Goodwin, Goodwin & Goodwin, Charleston, WV, for Defendants.

Avid K. Hendrickson, Hendrickson & Long, Charleston, WV, for Third–Party Defendant.

## MEMORANDUM OPINION AND ORDER

HALLANAN, Senior District Judge.

Currently pending before the Court is Plaintiff's Motion to Remand. Defendants have not filed a response to Plaintiff's Motion to Remand. Also currently pending before the Court is the Motion of Defendant 99¢ Only Stores to Dismiss for Lack of Personal Jurisdiction and Brief in Support thereof. In response, Plaintiff filed Plaintiff's Response to Defendant 99¢ Only Stores' Motion to Dismiss. In reply thereto, Defendant 99¢ Only Stores filed Defendant 99¢ Only Stores' Reply to Plaintiff's Response to Motion to Dismiss for Lack of Personal Jurisdiction. Having reviewed the aforementioned Motions, all memoranda in support thereof and in opposition thereto, as well as all relevant case and statutory law, the Court is now prepared to issue its decision.

### STATEMENT OF FACTS

Plaintiff, Emmett Cunningham, is a citizen and resident of West Virginia. (Compl.¶ 1). Defendant, Bombay Productions, Inc., is a dissolved Colorado corporation with its principal place of business in

California. (Notice of Removal ¶ 4(c)(1)). Defendant Ranji Bedi is a citizen and resident of California. *Id.* at ¶ 4(c)(2). Defendant Lori Bedi is a citizen and resident of California. *Id.* at ¶ 4(c)(3). Defendant 220 Laboratories, Inc. is a California corporation with its principal place of business in Riverside, California. *Id.* at ¶ 4(c)(4). Defendant 99¢ Only Stores is a California corporation with its principal place of business in City of Commerce, California. *Id.* at ¶ 4(c)(7). Finally, Third–Party Defendant, Aerosol Services Company, Inc., is a California corporation with its principal place of business in California. (Third Party Compl. of 220 Laboratories, Inc. Against Aerosol Service Company, Inc. at 3).

Plaintiff instituted this products liability action against Defendants in the Circuit Court of Kanawha County. (Compl.¶¶ 1–28). Plaintiff alleges that he was injured by a defective fire extinguisher while working at Ace Hardware Store in Marmet, West Virginia, on June 19, 2001. (Compl.¶ 8). Plaintiff alleges various counts against Defendants, including negligence, strict liability, breach of warranty, and failure to warn. *Id.* at ¶¶ 9–23. Defendant 99¢ Only Stores timely removed the state court action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Thereafter, Defendant 99¢ Only Stores filed its Motion of Defendant 99¢ Only Stores to Dismiss for Lack of Personal Jurisdiction and Plaintiff filed its Motion to Remand.

## DISCUSSION

The Court will first address Plaintiff's Motion to Remand, as the disposition of the Motion will determine whether or not the Court need address the Motion of Defendant 99¢ Only Stores to Dismiss for Lack of Personal Jurisdiction.

### Plaintiff's Motion to Remand is Granted

■ "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Fourth Circuit has made it clear, however, that removal statutes must be construed strictly against removal and that the burden of establishing the propriety of removal rests with the removing party. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, remand is necessary." *Watson v. Charleston Housing Auth.,* 1999 WL 1455084 at *1 (S.D.W.Va.)(*citing Mulcahey,* 29 F.3d at 151).

■ On several occasions, this Court has held that "[i]t is well-settled that 'all defendants must join in the petition for removal.'" *Price v. Messer,* 872 F.Supp. 317, 321 (S.D.W.Va.1995)(internal citations omitted)(holding that the failure of all defendant to join in the petition for removal mandated remand to state court); *see also Dorsey v. Borg–Warner Auto., Inc.,* 218 F.Supp.2d 817, 820 (S.D.W.Va.2002) (holding that remand was necessary where all defendants did not officially and unambiguously consent to removal notice within the mandatory thirty-day statutory time period). In the case at bar, Plaintiff asserts that the Court should remand this action to the Circuit Court of Kanawha County as Defendants Bombay Productions, Inc. and 220 Laboratories, Inc., though properly served, have neither signed the Notice of Removal nor filed a consent to removal as is required by 28 U.S.C. § 1446(a). (Pl.'s Mot. to Remand at 1–3). As previously mentioned, Defendants failed to file a response to Plaintiff's Motion to Remand.

The Court finds merit with Plaintiff's position that Defendants have failed to

meet their burden of removal, as all defendants did not officially and unambiguously consent to removal within the thirty-day statutory time period. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this action to the Circuit Court of Kanawha County, West Virginia. Consequently, the Court lacks jurisdiction to adjudicate the Motion of Defendant 99¢ Only Stores to Dismiss for Lack of Personal Jurisdiction.

The Clerk is directed to fax and mail a copy of this Memorandum Opinion and Order to all counsel of record and to publish a copy of this Memorandum Opinion and Order on the Court's website http://www.wvsd.uscourts.gov.