**Annie Bell HEAD, Plaintiff,**

v.

**UNITED INSURANCE COMPANY OF AMERICA, Kenneth A. Wolf, et al., Defendants.**

**No. 4:97CV001–B–B.**

United States District Court, N.D. Mississippi, Greenville Division.

May 23, 1997.

Sheryl Bey, Arthur Jernigan, Jackson, MS, for United Ins. Co. of America.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the plaintiff's motion to remand. The court has duly considered the parties' memoranda and is ready to rule.

Defendant United Insurance Company of America [United] removed this cause on the grounds of diversity jurisdiction and federal question jurisdiction. The notice of removal alleges that diversity of citizenship exists between the plaintiff and United and that Kenneth A. Wolf, a nondiverse insurance agent, is fraudulently joined. The complaint alleges that United, through agent Wolf, "acting in the line and scope of his employment with United as well as in an individual capacity," sold the plaintiff hospital and medical insurance policies insuring her grandson. The complaint further alleges that the subject policies duplicate Medicaid coverage and one another and, as a result, the plaintiff has paid unnecessary premiums. The plaintiff seeks to recover for fraud and suppression, breach of fiduciary duty, negligent and/or wanton failure to monitor and train agents, and breach of the duty of good faith and fair dealing.

The allegation of federal question jurisdiction in the notice of removal is general and conclusory; no federal statute or constitutional provision is cited. The complaint alleges only state law claims and United's opposition to the instant motion does not address the issue of federal question jurisdiction.[1]

The contested issue is whether agent Wolf is fraudulently joined. The test for fraudulent joinder is whether there is a possibility that the complaint states a cause of action against the nondiverse defendant under Mississippi law. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981).

Pat Barrett, Jr., Lexington, MS, for Annie Bell Head.

---

1. The plaintiff submitted supplemental authority, *Roberson v. Combined Insurance Company*, No. 3:96cv744BS, slip op. (S.D.Miss.1997). The court in *Roberson* held that the same state law claims raised in the instant cause did not invoke federal question jurisdiction. United apparently concedes the absence of any federal question jurisdiction since it argues, in a May 2, 1997 letter to the court, that the *Roberson* decision has no applicability to the issues raised in its response to the instant motion.

United contends that the applicable statute of limitations bars the claims against Wolf. The plaintiff testified in her deposition that Wolf sold her policies in 1991 and the complaint was not filed until December 4, 1996. The applicable limitations period is three years. Miss.Code Ann. § 15–1–49. However, as the plaintiff asserts, the limitations period may be tolled by Wolf's fraudulent concealment, at the time of sale, that the policies were worthless [2] as follows:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss.Code Ann. § 15–1–67.

 United contends that the complaint does not allege a ripe case or controversy since the plaintiff at no time has filed a claim under the subject policies and that the plaintiff lacks privity of contract. United mischaracterizes this cause as a bad faith breach of contract action. The complaint does not allege any breach of insurance contract. The causes of action arise out of the sale of the policies and collection of premiums.[3] The plaintiff does not seek to enforce the terms of the policies. She seeks damages for having paid allegedly unnecessary premiums for more than five years. The allegations of fraud and breach of fiduciary duty are purely tortious in nature for which Wolf may be personally liable.[4] *Ross–King–Walker, Inc. v. Henson*, 672 So.2d 1188, 1191 (Miss.1996). Under the general rule in tort, an agent

"whose conduct has rendered his principal liable, has individual liability to the plaintiff." *Leathers v. Aetna Cas. & Sur. Co.*, 500 So.2d 451, 453 (Miss.1986). *See Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193, 1196 (S.D.Miss.1989) (construing Mississippi law) (insurance agent may be liable for "an independent tort committed by the agent").

 "[A]ny uncertainties or ambiguities as to the current state of controlling substantive law [are to be resolved] in the light most favorable to plaintiff." *Newsome v. Shelter General Ins. Co.*, 792 F.Supp. 1022, 1024 (S.D.Miss.1991). The court finds that, under Mississippi law, there is a possibility of viable claims against Wolf for his conduct in soliciting insurance business from the plaintiff.

Since Wolf was not fraudulently joined, his nondiverse citizenship defeats diversity jurisdiction. Accordingly, the instant motion to remand should be granted. An order consistent with this opinion will issue.

**2.** The complaint alleges that, at the time of the sale of the subject policies, the plaintiff disclosed that she and her grandson were Medicaid recipients.

**3.** The plaintiff concedes that available facts, absent discovery, would not allow her to maintain a claim against Wolf for the alleged negligent and/or wanton failure to monitor and train agents.

**4.** The remaining claim of breach of the duty of good faith and fair dealing may not be viable against Wolf since it is based on an implied contractual covenant inherent in the insurance contracts to which Wolf is not individually a

party. *See Griffin v. Ware*, 457 So.2d 936, 940 (Miss.1984) (adjuster not subject to liability for deliberate falsification of reports regarding cause of damage since he owed no contractual or quasi-contractual duty to the insured; breach of implied duty of good faith and fair dealing was the only claim alleged against adjuster). However, this rationale no longer protects an insurance agent from liability for "a deliberate wrong." *Bass v. California Life Ins. Co.*, 581 So.2d 1087, 1090 (Miss.1991) (adopting a standard of gross negligence or intentional tortious conduct to impose tort liability on "adjusters, agents or other similar entities").