**Adele SMITH, Individually and as Mother and Next Friend of Marquita Smith, et al., Plaintiffs,**

v.

**UNION NATIONAL LIFE INSURANCE COMPANY, et al., Defendants.**

No. CIV.A. 5:01–cv—170(Br)(S).

United States District Court, S.D. Mississippi, Western Division.

Nov. 7, 2001.

David Lee Sullivan, Laurel, MS, Timothy L. Waycaster, Waycaster & Waycaster, LLP, for Plaintiffs.

Charles E. Griffin, Griffin & Associates, Jackson, MS, Arthur F. Jernigan, Jr., Samuel E.L. Jackson, Watson & Jernigan,

P.A., Jackson, MS, William C. Brabec, Phelps Dunbar, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' motion to remand (**docket entry no. 6**). Having carefully reviewed the motion, response, and memoranda of the parties, as well as the applicable law, the Court finds as follows:

On or about April 26, 2001, the plaintiffs commenced this action by filing their complaint in the Circuit Court of Jefferson County, Mississippi. The complaint names as defendants Union National Life insurance Company ("Union National") and United Insurance Company of America ("United"), as well as nine individual agents. It is undisputed that there is complete diversity of citizenship between the plaintiffs and the insurance company defendants, and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. It is also undisputed that at least some of the individual defendants are Mississippi residents, as are at least some of the plaintiffs.

On May 31, 2001, defendant Union National filed a Notice of Removal. In the Notice, Union National contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Although at least some of the plaintiffs and some of the individual defendants are residents of Mississippi, Union National claims that the Court can properly exercise diversity jurisdiction over this matter because the plaintiffs fraudulently joined the individual defendants to defeat the complete diversity requirement found in 28 U.S.C. § 1331. Union National maintains that the plaintiffs have no cognizable claim against the individual defendants and, therefore, complete diversity exists.

On June 29, 2001, the plaintiffs filed their Motion to Remand asserting that they did not fraudulently join the individual defendants, and accordingly, diversity jurisdiction does not exist. The plaintiffs also assert that removal was not procedurally proper because defendant United did not join in or consent to removal.

The federal removal statute permits a defendant in a state court action to remove the lawsuit to federal district court if federal subject matter jurisdiction existed when the complaint was initially filed. 28 U.S.C. § 1441(a); *see Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1546 (5th Cir. 1991). In other words, removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *Id.*

In considering disputes concerning jurisdiction, a "district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1203 (D.R.I.1986). A removing defendant bears the burden of demonstrating that jurisdiction properly lies with the district court, and that removal was, indeed, proper. *DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995); *Jernigan v. Ashland Oil Co.,* 989 F.2d 812, 815 (5th Cir.1993); *Scott v. Communications Services,* 762 F.Supp. 147, 149 (S.D.Tex.1991). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing party's responsibility "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical*

*Group*, 520 F.Supp. 825, 827 (S.D.Tex. 1981). A defendant's failure to satisfy this burden requires remand. Furthermore, when doubt exists as to the right to removal in the first instance, ambiguities are to be construed against removal. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979); *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also, Fellhauer v. Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill.1987).

Pursuant to 28 U.S.C. § 1446(b), "all served Defendants must join in the petition for removal to federal court no later than 30 days from the date on which the first Defendant was served." On May 3, 2001, Union National and United were both served with process through the Insurance Commissioner, pursuant to Miss. Code Ann. § 83-21-1. On May 31, 2001, Union National filed its notice of removal. On June 29, 2001, the plaintiffs filed their motion to remand, asserting, *inter alia,* that removal was not procedurally proper because United did not join in or consent to removal as required by 28 U.S.C. § 1446(a). Thereafter, on July 6, 2001, United filed its joinder to Union National's notice of removal.

The statute governing what actions are removable states in part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . .

28 U.S.C. § 1441(a)(b). The statute governing the procedure for removal states:

(a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)(b).

The right to remove is purely statutory. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985). Most cases emphasize that the procedural requirements for removal from state to federal court, although not jurisdictional, are to be strictly construed and enforced in favor of state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *McManus v. Glassman's Wynnefield, Inc.*, 710 F.Supp. 1043, 1045 (E.D.Pa.1989). There is nothing in the removal statute that suggests that a district court has "discretion" to

overlook or excuse prescribed procedures. Defective removal procedure is a proper ground for remand. *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1215 (3d Cir.1991); *Employers Ins. of Wausau v. Certain Underwriters*, 787 F.Supp. 165, 166 (W.D.Wis.1992); *Shamrock Oil & Gas*, 313 U.S. at 108–09, 61 S.Ct. at 872; *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) (stating that "all doubts [about removal] should be resolved in favor of remand").

When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also, Fellhauer v. Geneva*, 673 F.Supp. 1445, 1447 (N.D.Ill. 1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis. 1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation–Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex. 1981).

■ As a general rule, all defendants must join in a removal petition in order to effect removal.[1] *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir.1982); *Padden v. Gallaher*, 513 F.Supp. 770, 771 (E.D.Wis.1981); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 (E.D.Va.1992); *Knickerbocker v. Chrysler Corporation*, 728 F.Supp. 460 (E.D.Mich.1990); *Fellhauer*, 673 F.Supp. at 1447; *Fields v. Reichenberg*, 643 F.Supp. 777, 778 (N.D.Ill. 1986); *Darras v. Trans World Airlines, Inc.*, 617 F.Supp. 1068, 1069 (N.D.Ill.1985). *See also* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 14A *Federal Practice and Procedure* § 3731, at 504–07 (West 2d Ed.1985).

■ There is no express statutory requirement for joinder or consent by co-defendants; however, the case law firmly establishes this requirement, which is known as the "rule of unanimity." *See Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va. 1993). Although it is not necessary that all defendants sign the notice of removal, each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served. 28 U.S.C. § 1446(b); *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262–63 (5th Cir.1988).[2]

■ Although there is authority for the proposition that this communication to

---

**1.** There are three well-recognized exceptions to the rule that all defendants must join in the removal petition: (1) Where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *Moody v. Commercial Ins. Co.*, 753 F.Supp. 198, 200 (N.D.Tex.1990). None of the exceptions apply here.

**2.** There is a split among the authorities as to whether the thirty-day period runs from the date of service upon the first defendant to be served or the date upon which each individual defendant is served. *Compare Getty Oil*, 841 F.2d at 1262–63, *and McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992); *see also, Fellhauer*, 673 F.Supp. at 1447; *Creekmore*, 797 F.Supp. at 508.

the court may be oral, *see Fellhauer*, 673 F.Supp. at 1447, the reference in the statute to "a notice of removal signed pursuant to Rule 11," 28 USC § 1446(a), suggests that a defendant's communication of his or her consent to removal must be in a writing signed by that defendant or by his or her attorney. *Creekmore*, 797 F.Supp. at 508; Fed.R.Civ.P. 11. The Fifth Circuit Court of Appeals has held that there must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal. *Getty Oil*, 841 F.2d at 1262 n. 11. This advances, among other things, the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand. *See Shamrock Oil*, 313 U.S. at 108, 61 S.Ct. at 872 ("Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation.").

 The thirty-day time limitation is not jurisdictional and may be waived. *Id.* at 1263. However, the time limitation is mandatory and must be strictly construed. *Moody*, 753 F.Supp. at 202; *Fellhauer*, 673 F.Supp. at 1447. Accordingly, if all the defendants do not join in or consent to the removal petition within the thirty-day period, "the district court shall remand the case...." 28 U.S.C. § 1447(c); *Fellhauer*, 673 F.Supp. at 1447; *see also McManus*, 710 F.Supp. at 1045 ("If all defendants do not join the removal petition within the thirty-day period, remand is the proper course.").

 "Although all defendants need not sign the same notice of removal, each par-

ty must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed." *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1254 (D.Utah 1995). In *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F.Supp. 1074 (E.D.Wis.1993), the removal petition contained an assertion that it was filed with the consent and agreement of a co-defendant, but lacked a separate signature from the co-defendant or its counsel. The district court noted the majority view that "the mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder." *Production Stamping*, 829 F.Supp. at 1076.

> Each defendant must communicate his consent to the court by way of "an official filing or voicing of consent." *See, Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460, 461–462 (E.D.Mich.1990), and cases cited therein. Or, as the 5th Circuit stated in *Getty Oil*, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp.*, 841 F.2d at 1262, n. 11.

*Production Stamping*, 829 F.Supp. at 1076.

In *Production Stamping*, there was no allegation in the notice of removal that the filing defendant or its attorney had been authorized by the co-defendant to speak on its behalf on the removal issue. In granting the plaintiff's motion to remand, the court noted that requiring each defendant to formally and explicitly consent to removal is sound policy, and prevents one defendant from choosing a forum for all. *Production Stamping*, 829 F.Supp. at 1076, *citing Chrysler First Financial Ser-*

*vices v. Greenfield,* 753 F.Supp. 939, 941 (S.D.Fla.1991).

> "To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation." *Creekmore,* 797 F.Supp. at 509. One of the primary reasons that separate parties have separate counsel is so that each can independently present their position to the court. *Id.,* at n. 9. Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign....

*Id.* at 1077.

Furthermore, Fed.R.Civ.P. 11 does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. *Creekmore,* 797 F.Supp. at 508. As the Fifth Circuit found in *Getty Oil,*

> ... while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant. In the present case, nothing in the record, except [defendant] INA's unsupported statement in the original removal petition, indicates that [defendant] NL actually consented to removal when the original petition was filed. INA's removal petition alleged that NL had not been served and "therefore ... need not join the removal Petition," and that NL "do[es] not oppose and consent[s] to this Petition for Removal"; it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal. Accordingly, there was no adequate allegation or showing of NL's actual joinder in or consent to the original removal petition.

*Getty Oil,* 841 F.2d 1254, 1262 n. 11.

In *Miles v. Kilgore,* 928 F.Supp. 1071, 1077 (N.D.Ala.1996), the district court pointed out that footnote 11 in the *Getty Oil* opinion is probably *dicta.* Nevertheless, the view expressed by the Fifth Circuit is the majority view. *Id., citing Creekmore,* 797 F.Supp. at 508; *Samuel,* 780 F.Supp. at 427–428; *Jarvis,* 874 F.Supp. at 1254–55; *Knickerbocker,* 728 F.Supp. at 461–462, and cases cited therein; *Production Stamping,* 829 F.Supp. at 1076–77; *Thompson v. Louisville Ladder Corp.,* 835 F.Supp. 336, 338 n. 3; *Kuhn v. Brunswick Corp.,* 871 F.Supp. 1444 (N.D.Ga.1994); *Ogletree v. Barnes,* 851 F.Supp. 184, *reconsideration denied,* 1994 WL 193885 (E.D.Pa.1994); *Martin Oil Co.,* 827 F.Supp. at 1237–38; *Anne Arundel County, Md. v. United Pacific Ins. Co.,* 905 F.Supp. 277, 278–279 (D.Md.1995); *Moody,* 753 F.Supp. at 199–200; *Godman v. Sears Roebuck and Co.,* 588 F.Supp. 121, 124 (E.D.Mich.1984); *Mason v. Intern. Business Machines, Inc.,* 543 F.Supp. 444–446 (M.D.N.C.1982); *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994) (to "join" a motion is to support it in writing).

In *Creekmore,* the district court for the eastern district of Virginia held:

Although all defendants must join in the removal, the rule of unanimity does not require that all defendants sign the same notice of removal. Rather, section 1446 requires that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process. *E.g., Wilkins v. Correctional Medical Sys.*, No. 90–7155, 1991 WL 68791, at * 2 n. 2, 1991, U.S.App. LEXIS 8279, at *4 n. 2 (4th Cir.1991) ("Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service.").

*Creekmore*, 797 F.Supp. at 508.

██ In the case at bar, the Notice of Removal states that it is being filed "for and on behalf of Union National Life Insurance Company, Defendant." (Notice of Removal, p. 2). In the style of the case, the Notice reflects that United Insurance Company of America ("United") and various individuals are also defendants. The Notice refers to the individual defendants by name, and avers that they are not required to join in the Notice because they have been fraudulently joined. The Notice offers no explanation of United's failure to join in the Notice. In fact, nowhere else but in the style of the case does the Notice mention United. The Notice of Removal is signed on behalf of Union National only, by its attorney. United did not express its consent to removal to this Court until after the 30–day removal period had expired.

As explanation for United's failure to join, the defendants state:

> While [United] was inadvertently not explicitly mentioned in the notice of appeal filed by its attorney, who also represented [United]'s subsidiary Union National, the notice of removal makes it objectively clear that [United] consented to the removal and does not object to this federal forum.

(Defendants' Brief, p. 2). The defendants further state:

> Plaintiffs assert that the failure of [United] to sign the notice of removal requires remand. However, it is undisputed that [United] had always consented to the removal and had intended to sign the notice that was prepared by its counsel, who is also counsel for its subsidiary and co-defendant, Union National. Due to a clerical error, [United] was inadvertently omitted from the notice. Plaintiffs can claim no prejudice from this mere clerical error. Thus, [United] should be excused from this procedural technicality.

(*Id.*, p. 3).

The defendants fail to point to any "objective evidence" in the Notice of Removal that demonstrates either United's consent to removal or a "mere clerical error." The affidavit of Arthur F. Jernigan, Jr., counsel for Union National and United, states: "I was instructed by my long-time clients, Union National and [United], to represent their interests in this case and, if appropriate, to remove the case to federal court." (Jernigan Affidavit, ¶ 2). The affidavit of Francesca J. Robertson, Vice President and Senior Counsel of United, states:

> As was our usual practice, upon receipt of the Amended Complaint in this case, it was forwarded to Mr. Jernigan for handling on behalf of both [United] and Union National. I instructed Mr. Jernigan to remove the case to federal court if the case was appropriate for removal. It has always been the intent of both Union National and [United] to have the case removed to federal court if it was permissible under the law.

(Robertson Affidavit, ¶ 7). Neither affidavit references a letter, phone call, or other communication between Robertson and Jernigan regarding joinder or consent by United, nor does either affidavit supply a date of an alleged communication.

In any event, even if the affidavits were more specific, United's failure to consent to or join in Union National's Notice of Removal cannot be ascribed to mere clerical error. "A clerical error is generally defined as an error made by a clerk in transcribing or otherwise." *West Virginia Oil & Gas Co. v. George E. Breece Lumber Co.*, 213 F.2d 702, 705 (5th Cir.1954). A clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Dura–Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir.1982). Here, nothing in the record during the 30–day period for removal makes it apparent to the Court that United intended one thing but by mere clerical mistake or oversight did another. The error here is substantive, not merely mechanical.

United's failure to join in or consent to removal renders the Notice of Removal procedurally defective. Union National's Notice of Removal does not constitute an independent and unambiguous joinder or consent by United. Having failed to communicate its joinder or consent to the Court during the 30–day period, United cannot now show the Court that it authorized its attorney to file a joinder on its behalf.

In *Baker v. Ford Motor Company,* 1997 WL 88260 (N.D.Miss.1997), counsel for one defendant, Grumman Allied Industries, removed to federal court on grounds of diversity jurisdiction. The other defendant, Ford Motor Company, filed a joinder four days after the deadline. Grumman's no-

tice of removal, however, contained the statement that Ford, through its counsel, was joining in the removal. In opposing a motion to remand, Ford's counsel filed an affidavit stating that "he authorized Grumman's counsel 'to include affiant's name in the Notice of Removal and to bind Ford Motor Company in the Notice of Removal.'" The affidavit further stated that the separate joinder was a "'redundant formality ... to confirm the already-established fact that [Ford] joined in the Notice of Removal filed December 3, 1996.'" *Id.* at *1.

In rejecting the defendants' argument, the court noted:

The notice of removal does not state that Grumman was authorized to represent that Ford had consented to the removal, and no document was filed at the time of removal or within the prescribed 30–day period showing that the representation in the notice of removal was even authorized. *Getty Oil Corp., Div. of Texaco, Inc.,* 841 F.2d at 1262 n. 11 (removal petition "does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal"). The affidavit could be construed as "'an official filing or voicing of consent,'" as required by the majority view but is untimely. *Knickerbocker v. Chrysler Corp.,* 728 F.Supp. 460, 461 (E.D.Mich.1990) (citations omitted). Even if the representation were presumed to have been authorized at the time of removal, it is not the equivalent of written consent by Ford or its attorney, and oral consent expressed to Grumman's counsel falls short of the requirement that served defendants "officially indicate their unanimity in the removal of an action in a timely fashion." *Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 828 (S.D.Tex.

1981) (emphasis added). In other words, each served defendant must timely express consent to the court, as opposed to the removing defendant. *Id.* at *1. The court found that the allegation in the notice of removal did not constitute the required joinder in or consent to removal and that the affidavit did not cure the defect since it was not filed within the 30–day period. *Id.*

In *Baker*, the defendants contended that Grumman's counsel served as lead counsel on the removal issue and filed Ford's joinder. The court rejected this argument, noting that Ford and Grumman were represented by separate counsel. In the case before this Court, Union National and United are, and were at the time of removal, represented by the same counsel. However, Grumman's notice of removal contained a statement that Ford, through its counsel, was joining in the removal. There is no equivalent language anywhere in Union National's notice of removal.

Further, the *Baker* court also noted that 28 U.S.C. § 1446(a) requires that a notice of removal must be "signed pursuant to Rule 11." Rule 11, in turn, requires that each pleading, written motion or other paper submitted to the court be signed by the party or its attorney of record, if represented. Rule 11 "does not authorize one party to make representations or file pleadings on behalf of another." *Miles*, 928 F.Supp. at 1076. Thus, each defendant or its official representative is required to indicate its joinder in or consent to removal. *Baker*, 1997 WL 88260 at *2. Even if Union National and United were represented by the same counsel, counsel was required to indicate that he was signing the Notice for United as well as for Union National. *See Creekmore*, 797 F.Supp. at 508–509 (each defendant must consent to removal "officially," "affirmatively" and "unambiguously"). This is in keeping with the principle that the right to remove is purely statutory, and that any ambiguities are to be strictly construed in favor of remand.

There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while insuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove. *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1238 (N.D.W.Va.1993). *Jarvis*, 874 F.Supp. at 1255.

The notice of removal in the case at bar is procedurally defective on the ground that United did not comply with the 30–day time limitation. This defect has not been waived by the plaintiff and cannot be cured now. Although a defendant is free to amend a notice of removal within the 30–day period set forth in 28 U.S.C. § 1446(b), once the 30–day period has expired, amendment is not available to cure a substantive defect in removal proceedings. *Moody*, 753 F.Supp. at 198. Although a plaintiff can waive a procedural defect in removal by failing to file a timely motion to remand, the plaintiffs in this case have filed a timely motion to remand and have not waived the defect.

The defendants' characterization of United's failure to consent or join as a "mere clerical error" or "procedural technicality" is unavailing. As the district court in *Production Stamping* held:

> [T]he view that technical flaws in a removal petition "can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can—

and should—be invoked." *Fellhauer*, 673 F.Supp. at 1449. These considerations are certainly more substantive than the simplistic notion that procedural flaws should be overlooked merely because they are procedural.

*Production Stamping*, 829 F.Supp. at 1077–78.

In the recent case of *Sims v. Ward*, 2001 WL 1104636 (E.D.La. Sept.19, 2001), the district court for the Eastern District of Louisiana was faced with a removal from state court of a civil action alleging a violation of 42 U.S.C. § 1983. Although an individual state police trooper and the Louisiana Department of Public Safety Corrections, Division of State Police ("the Department") had both been served with process, only the individual officer filed a notice of removal. Following the expiration of the 30–day period for removal, the defendants filed a joint motion for leave to amend the notice of removal, claiming that the original notice inadvertently failed to include as a factual allegation that the Department had consented to removal through its attorney. Included with the motion were affidavits by the individual officer's counsel and the Department's counsel, attesting that in a telephone conversation between the two counsel, the Department's counsel expressed his intent to join in the notice to be filed by the officer's counsel.

The court held that expiration of the 30–day period was fatal to the defendants' attempt to amend the notice of removal.

> At the time this case was removed by [the individual officer], [the Department] had not filed with this court a written indication that it had consented to removal of the state proceeding to federal court. Even assuming that the failure of [the Department] to join in the notice of removal filed with this court ... by [the officer] was due solely to "inadver-

tence" and further that [the Department] did in fact intend to join in the removal, the formal requirements of 28 U.S.C. § 1446(b) as interpreted by the Fifth Circuit were not satisfied in that [the Department] did not submit to this court in writing any manifestation of its intent to remove prior to the expiration of the thirty-day removal period. *See Getty Oil*, 841 F.2d at 1262–63; *Harris*, 664 F.2d at 945 n. 4. As a result, the Defendants did not properly remove their case to the federal court during the thirty-day period provided for in 28 U.S.C. § 1446(b) and the case must be remanded ....

*Id.* at *2.

Nor does the joint representation of the removing and non-removing defendants by a single attorney create an implied joinder or consent by United. In *Keys v. Konrath*, 1994 WL 75037 (N.D.Ill. March 10, 1994), the court noted that the appearance of one attorney as counsel for both defendants did not constitute a manifestation of the non-removing defendant's "consent to removal sufficient to cure the deficiencies of the notice of removal." *Id.*, at *2. Agreeing with *Fellhauer's* admonition "that the requirements of section 1446 are not merely technical niceties that can easily be dispensed with" (*id.* at *3, citing *Fellhauer*, 673 F.Supp. at 1449–50), the court held:

> In the instant case, the two defendants had common counsel who committed several preventable errors in the notice of removal. We see no reason to ignore the strict requirements of section 1446 and substantial case law and allow defendants to amend their petition to correct these errors at this point.

*Id.*

Neither does the close corporate relationship between Union National and United create any implied joinder or consent

by United to the notice of removal. Union National is alleged by the defendants to be a subsidiary of United. (Defendants' Brief, p. 5). In *Van Conia v. Lutz*, 1992 WL 111318 (E.D.Pa. May 18, 1992), the plaintiffs sued Kawasaki Heavy Industries (U.S.A.), Inc., Kawasaki Heavy Industries, Ltd., Kawasaki Motors Manufacturing, Inc., and Kawasaki Motors Corp., U.S.A., among others. All four of these defendants had the same counsel. However, only Kawasaki Motors Corp., U.S.A., filed a notice of removal. None of the other three joined in or consented to the removal within the 30–day removal period. In granting the plaintiff's motion to remand, the court held:

> All corporations and other business entities which might be very closely related in substance if not in form, are, of course, perfectly free to maintain and rely upon their distinctiveness as legal entities and to insist that all formal procedures be followed to the letter before submitting to the jurisdiction of any court in the United States. Those business entities should likewise expect, however, that they, too, will be held to strict and exacting compliance with procedural rules. Moreover, as noted, such strict compliance with procedural rules is required where a party is invoking the statutory right of removal. *Lewis v. Rego Company*, 757 F.2d 66 (3d Cir. 1985); *Prowell v. West Chemical Products, Inc.*, 678 F.Supp. 553 (E.D.Pa. 1988).

*Id.* at *5. Likewise, an official, affirmative and unambiguous joinder or consent to Union National's notice of removal was required of United, regardless of the corporate structure.

Based on the foregoing, the Court concludes that United has failed to join in or consent to the Notice of Removal filed by Union National within the 30–day time limitation. Further, the Court finds that there was no independent and unambiguous notice of joinder or consent by United within said period. Therefore, the removal of this action to federal court is defective and the plaintiff's motion to remand is well-taken.

The Court further finds that even if the removal were not procedurally defective, this case must be remanded for lack of proper subject matter jurisdiction. *See* 28 U.S.C. §. 1447(c). Removal based on diversity jurisdiction is proper only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Complete diversity is ordinarily required in cases based on diversity of citizenship under § 1332. This requirement advances the aim of diversity jurisdiction, which is to protect out-of-state litigants against possible prejudice in favor of a local litigant. *J.A. Olson Company v. City of Winona, Mississippi*, 818 F.2d 401, 404 (5th Cir.1987).

As previously stated, diversity jurisdiction requires an amount in controversy exceeding $75,000 and complete diversity of citizenship among the parties, both of which must exist at the time the original action is filed in state court and at the time removal is sought.[3] *Scott*, 762 F.Supp. at 150; *Kilpatrick v. Arrow Co.*, 425 F.Supp. 1378, 1380 (W.D.La.1977); 28 U.S.C. § 1332(a). The court must make the necessary inquiries to establish its own jurisdiction when jurisdiction is placed in question. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). If at any time following removal and before final judgment the Court discovers it lacks subject matter jurisdiction,

---

**3.** The sufficiency of the jurisdictional sum is not in dispute in the instant action.

it may remand the action back to state court. 28 U.S.C. § 1447(c).

 Following the requisite inquiry by the Court, when the parties are, indeed, diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state court and maintain the suit in federal court. *See* 28 U.S.C. § 1332(a). Where diversity jurisdiction otherwise exists, it "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Thus, when determining whether complete diversity exists, courts shall disregard the citizenship of fraudulently joined defendants. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979).

 In the instant action, the removing defendant asserts that the plaintiffs fraudulently joined the non-diverse individual defendants for the purpose of defeating diversity jurisdiction. "[T]he burden of proving that a plaintiff fraudulently joined non-diverse defendants is heavy," and requires a removing defendant to prove fraudulent joinder by clear and convincing evidence. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *see also Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir.1993). In order to establish fraudulent joinder, the removing parties must demonstrate either that no possibility exists that the plaintiffs would be able to establish a cause of action against the non-diverse defendants under state law, or that an outright fraud exists in the plaintiffs' pleading of the facts. *Id.* In other words, the removing defendant bears the responsibility of demonstrating by clear and convincing evidence that the plaintiffs cannot establish any cause of action against the individual defendants under Mississippi law or, alternatively, that

the plaintiffs fraudulently pled the facts included in their complaint.

The Fifth Circuit has clearly described the procedure a district court should follow in deciding the issue of fraudulent joinder:

> The district court must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.
>
> If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder." However, if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549–50 (5th Cir.1981).

 "[A] joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability." *Bolivar v. R & H Oil & Gas Co., Inc.*, 789 F.Supp. 1374, 1376–77 (S.D.Miss.1991). All ambiguities in the controlling law of a state must be resolved in favor of the

plaintiff. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990). The Fifth Circuit has made it abundantly clear and the Court is mindful of the fact that the district court need "not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson*, 951 F.2d at 42.

■ The plaintiffs' complaint alleges causes of action against the individual defendant insurance agents for, *inter alia*, "personally participat[ing] in the commission of the wrongful and tortious conduct alleged herein by, among other things, making affirmative fraudulent representations to one or more of the Plaintiffs and by fraudulently omitting material facts of which the Plaintiffs were entitled to know and which [the] individual Defendant[s] had an affirmative duty to disclose, and by actively concealing such material facts." (First Amended Complaint, pp. 5–8). The complaint further alleges that:

The Defendants sold the Plaintiffs numerous types of insurance policies that are intended to either pay the insured a specific amount of money for each day that he or she is hospitalized, or pay the insured's health care provider for certain medical treatment received by the insured, collectively "hospital policies."

The Defendants falsely represented to the Plaintiffs that the hospital policies benefitted them by paying a daily confinement benefit and a certain amount to health care providers for medical treatment.

However, Defendant Union National's policies are of virtually no value to the Plaintiffs. The Division of Medicaid is an insurer of last resort; it pays all the medical bills of Medicaid recipients. If a Medicaid recipient is eligible for insurance benefits from any other source, such as the insurance policies at issue in this lawsuit, the Division of Medicaid is, by operation of state law, automatically entitled to an assignment of those benefits pursuant to Miss.Code Ann. § 43–13–305(1) (1972).

The individual Defendants, acting in the course and scope of their employment, approached the Plaintiffs at their homes and persuaded the Plaintiffs to purchase these "hospital policies."

At the time the hospital policies were purchased, the Plaintiffs either told the Defendants that they were Medicaid recipients or, alternatively, were never asked by the Defendants whether they were Medicaid recipients and as such would not and could not receive any benefit in return for the premiums the Plaintiffs paid. In every case, the Defendants fraudulently, intentionally, and/or negligently failed to inform the Plaintiffs that their hospital policies would provide virtually no benefit to a Medicaid recipient.

The Defendants had a duty to inform the Plaintiffs, and not to fraudulently conceal from them or suppress, the fact that these policies were of virtually no value to the Plaintiffs. The Defendants also had a duty to ascertain whether the Plaintiffs were Medicaid recipients when they sold them the policies, and further to inform the Plaintiffs that, should they subsequently become Medicaid recipients, the policies would not provide a benefit to them in return for the premiums paid. Finally, the Defendants had a duty to inform the Plaintiffs, upon the Defendants' ascertainment that the Plaintiffs were Medicaid recipients through the filing of certain claims or otherwise, that the policies provided virtually no benefit to the Plaintiffs.

The Defendants breached these duties by failing to inform the Plaintiffs of these facts, and by fraudulently conceal-

ing and suppressing these facts. As a proximate result of the Defendants' breach of their duties, the Plaintiffs have suffered damages.

(First Amended Complaint, pp. 9–11).

 Under Mississippi law, the elements of a fraud claim are as follows: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent proximate injury.

*Black v. Carey Canada, Inc.,* 791 F.Supp. 1120, 1123 (S.D.Miss.1990). *Accord, Spragins v. Sunburst Bank,* 605 So.2d 777, 780 (Miss.1992). To state a claim for fraud, a complaint must allege all nine of these elements. Moreover, these allegations must be factual, and not conclusory, because conclusory allegations do not state a claim. *Addison v. Allstate Ins. Co.,* 58 F.Supp.2d 729, 734 (S.D.Miss.1999) ("to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations") (citation and internal quotation marks omitted).

 In *Stasher v. Union National Life Insurance Company,* Civil Action No. 3:00–cv–58(B)(N) (S.D.Miss. March 29, 2000), the court made the following observations:

Rule 9(b) of the Mississippi Rules of Civil Procedure governs the standards by which a claim of fraud must be pled. The rule states, "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of the mind of a person may be averred generally." *Id.* This pleading requirement differs from the general rule that a complaint need only include a short and plain statement of the grounds for relief. *See* Miss.R.Civ.P. 8(a). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir.1997) (citation omitted). A claim of fraud can neither be presumed nor stated in general terms. *Allen v. Mac Tools, Inc.,* 671 So.2d 636, 642 (Miss.1996) (citation omitted). "The circumstances of the alleged fraud, such as the time, place and contents of any false representation must be stated." *Id.*

*Stasher,* slip opinion at 8–9.

 To be actionable, a representation must be one of past or existing fact. *Spragins,* 605 So.2d at 780. Statements that are "vague and imprecise" will not suffice. *White v. Hancock Bank,* 477 So.2d 265, 270 (Miss.1985). *Accord, Thompson v. Nationwide Mutual Ins. Co.,* 971 F.Supp. 242, 243 (N.D.Miss.1997) (agent's expression of what constituted "adequate" insurance protection was opinion, and therefore not actionable).

 Mississippi law also recognizes that an omission or concealment of material facts can constitute a misrepresentation. *See Rankin v. Brokman,* 502 So.2d 644, 646 (Miss.1987). In order to recover damages for fraudulent concealment, a plaintiff need only show that a defendant "took some action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the fraud claim." *Davidson v. Rogers,* 431 So.2d 483, 485 (Miss.1983).

■ The insurance company defendants argue that the plaintiffs have failed to demonstrate that there is an independent cause of action allowing any possibility of recovery against any of the individual defendants. The defendants correctly state the general rule of Mississippi law that agents for known principals incur no liability for a breach of a duty committed by the principal. *See McFarland v. Utica Fire Ins. Co.,* 814 F.Supp. 518, 521 (S.D.Miss.1992). However, an equally well accepted corollary rule is that agents *may* incur individual liability when their conduct constitutes "gross negligence, malice, or reckless disregard for the rights of the plaintiff." *Id.* (citing *Dunn v. State Farm Fire and Casualty Co.,* 711 F.Supp. 1359, 1361 (N.D.Miss.1987)). In this regard, the plaintiffs' complaint alleges: "The Defendants knew that the above acts and misrepresentations were wrongful and false. Defendants made these representations with the full intent to induce the Plaintiffs to rely on them to their detriment." (First Amended Complaint, p. 26). These are sufficient allegations of intentional conduct by the individual defendants. *See Phillips v. New England Mutual Life Ins. Co.,* 36 F.Supp.2d 345, 348 (S.D.Miss.1998).

The Court further finds that the plaintiffs' complaint complies with Mississippi Rule of Civil Procedure 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Miss.R.Civ.P. 9(b). "Fraud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the *time, place and contents* of any false representations or conduct must be stated." *Brabham v. Brabham,* 483 So.2d 341, 342 (Miss.1986) (emphasis added). *See also Singing River Mall Co. v. Mark Fields, Inc.,* 599 So.2d 938, 944 (Miss. 1992). Although the particularity requirements of Rule 9(b) are to be liberally construed and do not require the pleading of evidence, the complaint must be "sufficiently particular as to the *time, place, content and parties* who made the allegedly fraudulent statements." *Breslin Realty Assoc. v. Park Investments, Ltd.,* 1991 WL 340576 (E.D.N.Y. Dec.23, 1991) (interpreting identical language of Fed.R.Civ.P. 9(b)).

The dates on which the individual defendants are alleged to have committed fraud are the dates on the plaintiffs' policy applications. *See, e.g.,* First Amended Complaint, p. 11 (describing various policies sold to plaintiff Adele Smith, and their corresponding dates). The plaintiffs explain that not all of them have their policy applications, or dated policies, but that specific dates were alleged where available, and will be supplied by amendment as they become available. The plaintiffs also allege that the fraudulent conduct of the individual defendants took place in the respective plaintiffs' homes. (First Amended Complaint, pp. 9–10). The particulars of the defendants' fraudulent statements and omissions are also alleged. *See* First Amended Complaint, pp. 9–11, quoted above. The complaint also sets forth specific allegations by each individual plaintiff. *See* First Amended Complaint, pp. 11–25. The plaintiffs' complaint provides the defendants with adequate notice of the nature and grounds of the fraud claims asserted. *See Teachey v. American General Life and Accident Insurance Company,* Cause No. 4:00–cv–122(L)(N) (S.D.Miss. July 27, 2001).

The defendants cite *Porter v. United Insurance Company of America,* Cause No. 4:00–cv–206(L)(N) (S.D. Miss. June 18, 2001), for the proposition that an insurance agent has "no duty under the law to inquire whether [a purchaser of insurance] was a Medicaid recipient." *Porter,* slip op.

at 8–9. However, the plaintiffs in the case at bar have alleged affirmative misrepresentations by the individual defendants. The complaint alleges that "[t]he Defendants falsely represented to the Plaintiffs that these polic[ies] would benefit them when in fact such policies were virtually worthless to the Plaintiffs." (First Amended Complaint, pp. 10–11). Additionally, the complaint alleges that the individual defendants, when told by certain plaintiffs that they were Medicaid recipients, expressly told those plaintiffs "that Medicaid would not affect their policies." (*See id.,* pp. 11–25). Thus, *Porter* is factually distinguishable.

Closer to the facts of the case sub judice is *Head v. United Insurance Company of America,* 966 F.Supp. 455 (N.D.Miss.1997). In *Head,* the plaintiff alleged that the defendants sold her grandson an insurance policy which was virtually worthless because he was a Medicaid recipient. *Id.* at 456. Further, the plaintiff alleged that she told the agent, at the time of the sale of the policy, that her grandson was a Medicaid recipient, but that the agent fraudulently concealed from her that the policy was worthless. *Id.* In remanding the case, the court found that, under Mississippi law, there existed a possibility of viable claims against the individual agent, because the plaintiff's "allegations of fraud and breach of fiduciary duty are purely tortious in nature for which [the agent] may be personally liable." *Id.* at 457.

The individual defendants' affidavits in which they deny that they made any misrepresentations about the subject policies, and deny that they were informed by any of the plaintiffs that they were on Medicaid, merely show that there are factual disputes concerning the plaintiffs' allegations, and do not establish that the plaintiffs cannot recover against the individual defendants. In addition to the complaint, certain individual plaintiffs have also filed affidavits, stating that they informed the agents who sold them policies that they were receiving Medicaid, and that the agents then told them that Medicaid would not affect the policies. (Affidavits of Mary Wilson, Ruby P. White, Patricia Queen, and Shonda Wright).

Another factually similar case is *Teachey, supra,* in which similar allegations were brought by the plaintiffs. The defendants removed the case to federal court, contending that the individual defendants were fraudulently joined and that the court had jurisdiction because certain plaintiffs had filed bankruptcy. *Teachey,* slip op. at 2. However, the court granted the plaintiffs' motion to remand, finding that "a certain few plaintiffs" who had pled affirmative misrepresentations had at least a possibility of recovery against the individual defendant agents. *Id.* at 3.

Having found a possibility of recovery as to at least one of the plaintiffs' claims, it is unnecessary for the Court to address the other theories of recovery put forward by the plaintiffs' complaint. The Court must, however, address the defendants' argument that the plaintiffs' claims are barred by the statute of limitations.

The defendants point out that the three-year limitation period of Miss.Code Ann. § 15–1–49 applies to the plaintiffs' claims for fraud, grossly negligent and/or negligent misrepresentation, negligence, and unjust enrichment. *See Nichols v. Tri-State Brick & Tile Co.,* 608 So.2d 324, 331–33 (Miss.1992) (fraud); *Singing River Mall Co. v. Mark Fields, Inc.,* 599 So.2d 938, 944 (Miss.1992) (fraud); *Stevens v. Lake,* 615 So.2d 1177, 1181 (Miss.1993) (negligence); *Maly v. Magnavox Co.,* 460 F.Supp. 47 (N.D.Miss.1978). The defendants also show that the complaint in this case was filed on February 16, 2001, and that the acts or omissions complained of all

occurred prior to February 16, 1998, which is more than three years prior to the filing of the complaint.

The plaintiffs admit that ordinarily, the three-year statute of limitations would bar their claims. However, Miss.Code Ann. § 15–1–67 provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss.Code Ann. § 15–1–67. The Mississippi Supreme Court has yet to decide if subsequent affirmative acts are required to fraudulently conceal an underlying fraud claim so as to toll the statute of limitations. *Phillips v. New England Mutual Life Ins. Co.*, 36 F.Supp.2d 345, 349 (S.D.Miss.1998). Regarding this ambiguity in controlling Mississippi law, this Court must construe the ambiguity in favor of the plaintiffs. *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990) (all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonmoving party).

The Court cannot say that it appears certain that the plaintiffs can prove no set of facts which support their claim that the statute of limitations applicable to the causes of action was tolled. *See Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F.Supp.2d 423, 431 (N.D.Miss.1998). The fact that the plaintiffs received copies of their insurance policies does not necessarily prevent the tolling of the statute. In *Head, supra,* the district court for the Northern District of Mississippi held that the agent's fraudulent concealment at the time the policy was sold, in 1991, was sufficient to toll the statute of limitations, so that the suit brought in December of 1996 was not barred. *Head,* 966 F.Supp. at 457.

In the case at bar, there is likewise at least a genuine issue of material fact regarding the tolling of the statute of limitations (i.e. the time at which such fraud should have been, or with reasonable diligence might have been, first known or discovered). The Court therefore finds there is a possibility that at least some of the plaintiffs' claims are not barred.

Since there is a possibility of viable claims against the individual defendants under Mississippi law, the individual defendants were not fraudulently joined, and their nondiverse citizenship defeats diversity jurisdiction. The motion to remand shall be granted on this basis as well as on the basis of procedural defect in the removal. Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to remand (**docket entry no. 6**) is GRANTED. A separate Order of Remand, remanding this case to the Circuit Court of Jefferson County, Mississippi, shall be entered.