Essie LAMPKIN, Plaintiff,

v.

MEDIA GENERAL, INC. and Media General Operations, Inc., Defendants.

Civil Action No. 03–T–1182–S.

United States District Court, M.D. Alabama, Northern Division.

Feb. 2, 2004.

Joseph D. Talmadge, Jr., Morris Cary Andrews & Talmadge, Dothan, AL, for Plaintiff.

Dennis R. Bailey, Richard McConnell Freeman, Jr., Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, AL, for Defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

This lawsuit was filed by plaintiff Essie Lampkin in the Circuit Court of Houston County, Alabama, against the defendants Media General, Inc. (MGI) and Media General Operations, Inc. (MGOI), on October 15, 2003. Service was completed on MGI on October 31 and on MGOI on October 29. MGI filed a notice of removal in this court on December 1, and filed an amended notice of removal on December 2.

This lawsuit is now before the court on Lampkin's motion to remand. For the following reasons, the motion will be granted.

 Lampkin contends that MGOI's failure to join in MGI's notice of removal warrants remand. 28 U.S.C.A. § 1446(a) requires that *all* defendants who have been served must join in the notice of removal. *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970);[1] *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D.Ala. 2000) (Albritton, C.J.). This is referred to as the "rule of unanimity." The burden is upon defendants to demonstrate that the removal at issue was proper, and this burden is a heavy one. "A court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty.... When a plaintiff questions the propriety of a defendant's removal petition, the defendant bears the burden of showing that the removal was proper." *Id.* at 1345 (internal citations omitted).

In the present case, MGI filed for removal, but MGOI did not join the notice of removal, nor did it express to this court, within 30 days of the receipt of the initial pleading, either orally or in writing, its consent to removal.

 MGI and MGOI appear to contend either that MGOI was not required to consent separately to removal, as MGOI is a wholly owned subsidiary of MGI, or that because MGI and MGOI share the same counsel and the notice of removal was signed by that counsel, the court was informed of MGOI's consent to removal. Neither of these theories is viable.

First, a parent corporation cannot consent to removal on behalf of its subsidiary; a subsidiary is still a separate defendant, and unanimity of defendants is required for removal. Even though MGI and MGOI may be closely related, they remain separate entities. In a similar situation, where only one of four defendants (Kawasaki Heavy Industries, Ltd.) filed a notice of removal, and the other three (Kawasaki Heavy Industries (USA), Kawasaki Motors Manufacturing, Inc., and Kawasaki Motors Corp.) failed to consent within the requisite time period, the court still remanded the case for failure to join or consent, despite the fact that all defendants were involved in production of the same brand and type of product, that all defendants were represented by the same attorney, and that identical claims were filed against all the defendants. The court explained:

> "All corporations and other business entities which might be very closely related in substance if not in form, are, of course, perfectly free to maintain and rely upon their distinctiveness as legal entities and to insist that all formal procedures be followed to the letter before submitted to the jurisdiction of any court in the United States. Those business entities should likewise expect, however, that they, too, will be held in strict and exacting compliance with procedural rules. Moreover, as noted, such strict compliance with procedural rules is required where a party is invoked the statutory right of removal."

*Van Conia v. Lutz*, 1992 WL 111318 (E.D.Pa.1992) (Troutman, J.).

The reasoning in *Van Conia* is persuasive. Parent and subsidiary organizations are separate legal entities. "As a matter

---

**1.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

of law, in Alabama as elsewhere ... '[i]t may be stated as a general rule that the fact that a corporation owns the controlling stock of another does not destroy the identity of the latter as a distinct legal entity, and unless it be shown that such separate corporate existence is a mere sham, or has been used as an instrument for concealing the truth or perpetrating fraud, or where the organization and control of the subsidiary are shown to be such that it is but an instrumentality or adjunct of the dominant corporation, no liability may be imposed upon the latter for the torts of the subsidiary corporation.'" *Constitution Pub. Co. v. Dale*, 164 F.2d 210, 213 (5th Cir.1947) (quoting *Berkey v. Third Ave. R.R. Co.*, 244 N.Y. 84, 155 N.E. 58 (1926)).

MGI and MGOI are not claiming that their separate legal identities are mere shams, or that MGOI is the alter ego of MGI. Furthermore, as there is no evidence in the record to suggest that MGOI and MGI are operating as the same entity, these two entities are separate defendants, and both were required to consent to removal.

MGI and MGOI also suggest that, because they shared the same attorney and the notice was signed by that attorney, the notice was a joint notice of removal, thereby satisfying the rule of unanimity. However, even if joint counsel intended to act on behalf of both corporations, it is unclear how MGI and MGOI expected this court and Lampkin to be aware of their objective, as the notice itself gives no indication of their intent.

Other courts have held that where only one of two defendants files a notice of removal, joint representation of the defendants does not suffice for consent to remove on behalf of both defendants. As previously noted, § 1446 is to be construed strictly, and therefore there is no such thing as "implied joinder or consent." *Smith v. Union Nat. Life. Ins. Co.*, 187

F.Supp.2d 635, 646 (S.D.Miss.2001) (Bramlette, J.). Instead, "an official, affirmative and unambiguous joinder or consent to ... [the] notice of removal" is required. *Id.* at 647. Because MGOI failed to join or consent correctly to MGI's notice of removal within 30 days, this court's jurisdiction has not been properly invoked.

Accordingly, for the above reasons, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Essie Lampkin's motion to remand, filed on December 31, 2003 (Doc. no. 5), is granted, and, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Houston County, Alabama.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.